## MARY NYE *vs.* TAUNTON BRANCH RAILROAD COMPANY.

The purchase, under Gen. Sts. *c.* 63, § 19, by a railroad corporation of land without the limits of its road, necessary for depot and station purposes, does not extinguish an existing inchoate right of dower therein.

WRIT OF DOWER. In the Superior Court, trial by jury having been waived, the case was heard by *Pitman,* J., upon an agreed statement of facts, as follows : " Paul Nye, the husband of the demandant, bought the land described in the writ, of one Hodges, October 4, 1826, for $700, and gave therefor at the same time his note for the full amount, secured by a mortgage on the land, which mortgage demandant did not sign. Paul Nye, after purchasing the land, occupied and improved it, and erected a dwelling-house thereon, and on June 2, 1828, his equity of redemption was sold on execution to one Washburn, for $1620,

and on the same day, Washburn conveyed to one Newcomb, who held the estate and made improvements thereon, till May 11, 1872, when he conveyed the premises to the Taunton Branch Railroad Company, who purchased them for the purpose of a freight station outside but adjoining the original location of their road, under the authority, given them by statute, to purchase or otherwise take lands for such purposes. The deed, which was in the usual form of a warranty deed, contained no restrictions as to the use of the land, but the land was necessary for that purpose. The mortgage of Paul Nye to Hodges was discharged January 6, 1846, by Newcomb, who paid the amount due upon it. Paul Nye died April 10, 1873. At that time all the buildings that were on the premises when the railroad company purchased them had been removed, and the land was wholly occupied by its freight station, tracks and approaches, and was so occupied at the time of the trial. The demand for dower was duly made April 24, 1873."

Upon these facts the court ruled that the demandant was entitled to dower, and found for the demandant accordingly, and the case, by consent of parties, was reported to this court. If the demandant was not, as a matter of law, entitled to her dower, then a new trial was to be had. If the ruling made was correct, judgment was to be entered for the demandant, and such other proceedings had thereon as by law were provided.

*J. H. Dean,* for the tenant.

*W. H. Fox,* for the demandant, was not called upon.

ENDICOTT, J. The demandant had an inchoate right of dower in this land at the time it was conveyed by deed in common form to the tenant. Upon the decease of her husband she became entitled to have her dower in the same assigned to her, unless she had been lawfully barred thereof. Gen. Sts. *c.* 90, § 1. It is claimed by the tenant that she is barred, because when her right became consummate, the land had already been taken for a public use, in a manner authorized by law.

Two methods are pointed out in the Gen. Sts. *c.* 63, § 19, for the taking of land by a railroad corporation, for making and securing its road, and for depot and station purposes without the

limits of the road : First, by purchase and conveyance from the owner · Second, if the owner refuses to sell, by application to the county commissioners and the assessment of damages. By the first method the corporation obtains a fee in the soil ; by the second the land is condemned to a servitude, and an easement is created in the corporation, which may be permanent in its nature and practically exclusive. *Hazen* v. *Boston & Maine Railroad,* 2 Gray, 574. When it holds by the first, it derives its title solely from the deed ; if the deed is without restriction, reservation or condition, the corporation may convey the land, if no longer necessary for its purposes ; when it takes by the second, if the use is abandoned, the easement is extinguished, and the land reverts to the owner of the soil. The one is simply an authority to buy and hold land for certain purposes, as a natural person may do ; the other puts the land into the possession of the corporation by the exercise of the power of eminent domain. The proceedings are. entirely distinct, the rights acquired are different, and it does not change the character of the deed, because the land could have been taken against the will of the grantor.

But it is not necessary to consider that question here, or to decide what would have been the effect upon the demandant's right of dower, if the land had been taken, against the consent of the owner, on application to the county commissioners in the exercise of the power of eminent domain. As the statute authorized the purchase for the purposes therein named, the land did not pass to the tenant under the exercise of the right of eminent domain accompanied by such powers and limitations as the exercise of that right imposes, but by deed subject to all the incidents attending that form of contract between parties.

The land was at that time subject to the demandant's inchoate right of dower, which is now consummate by the death of her husband, and the purposes to which the corporation has in the mean time devoted the land are immaterial, as it may change them at will, and sell the land if it desires. The ruling, therefore, in the court below was correct, and the demandant is entitled to her dower. If the estate cannot be divided without damage to the whole, the dower may be assigned out of the rents and profits. Gen. Sts. *c.* 90, § 5.          *Judgment for the demandant.*