[No. 4696.]

## KILLGORE v. CRANMER ET AL.

**Deeds of Trust—Substitute Trustee—Certainty.**

Where the grantor and trustee in a deed of trust were described as residents of the same county, and the land conveyed was situated in the same county, and the authority to sell directed that the sale be made at the court-house door of the same county, a clause in the deed providing that in case of failure of the trustee to act, the "acting sheriff" should become successor in trust, was sufficiently certain to designate the acting sheriff of the county in which the land was situated and was, to be sold as the substitute trustee, although the instrument did not expressly describe the successor as the acting sheriff of such county.

*Appeal from the District Court of the City and County of Denver.*
*Hon. Samuel L. Carpenter, Judge.*

Mr. CHARLES H. BURTON, Mr. BRANCH H. GILES, for appellant.

Mr. CHARLES J. HUGHES, Jr., Mr. GERALD HUGHES, Mr. BARNWELL S. STUART, for the appellees, except Albert Smith.

Mr. ALBERT SMITH, *pro se.*

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action to recover possession of real property.

The appellant, plaintiff below, at the trial offered in evidence a deed of trust, and a trustee's deed executed by the successor in trust named in the deed of trust, by and through which he sought to prove his title.

The deed of trust was rejected as being void for uncertainty and indefiniteness in designating the successor in trust.

The only question is, was the deed of trust properly rejected?

There are certain fundamental rules and canons of construction applicable to all written instruments, whether deeds, wills or simple contracts, among which are the following: It is the duty of courts, where it is practicable to do so, to ascertain and give effect to the intention of the parties; the intention of the parties is to be ascertained from the written instrument, and every clause and every word, where possible, shall have assigned to it some meaning, to the end that the instrument, as expressive of the intention of the parties, may be carried into effect rather than rendered inoperative.

This court has said, in *Wolf v. Heibig*, 21 Colo. 490, 498:

"A fundamental canon of construction, with reference to contracts oral or written, requires that the true intent or meaning of the contracting parties shall be ascertained and the contract be construed, if possible, so as to carry out such intent. In the case of *Schuylkill v. Moore*, 2 Whart. 491, it is said: 'The best construction is that which is made by viewing the subject of the contract as the mass of man-

kind would view it, for it may be safely assumed that such was the aspect in which the parties themselves viewed it. A result thus obtained is exactly what is obtained from the cardinal rule of intention.' "

"It is essential to the validity of a grant that the parties be named in the deed or plainly designated, so as to distinguish them from all others. If they are so designated, the grant would be good without any name at all, and a mistake in the name in such case would not vitiate."—*Hall v. Leonard,* 1 Pick. 30.

"The only rule of much value—one which is frequently shadowed forth but seldom, if ever, expressly stated in the books—is to place ourselves as near as possible in the seats which were occupied by the parties at the time the instrument was executed, then, taking it by its four corners, read it."—*Walsh v. Hill,* 38 Cal. 481, 487.

"If the grant be by deed, the grantee must be sufficiently named, or, at least, set forth and distinguished by some circumstantial matter, and that he be so named or described as that he may be capable of identification by that name whereby he is set forth."—Shepherd's Touchstone, 235.

"The fact that the grantee is not described by name will not affect the validity of the deed if the designation or description be sufficient to distinguish the person intended from the rest of the world."—1 Devlin on Deeds, sec. 184.

"In giving construction to deeds, we are confined to the terms of the instrument itself, the object being to ascertain the intention of the grantor, as expressed by the language used, and not the unexpressed purpose which may at the time have existed in his mind. Where there is no ambiguity in the terms used, or where the language has a settled legal name, the instrument itself is the only criterion of

the intention of the party."—*Butterfield v. Sawyer,* 187 Ill. 598, 602.

The following excerpts are from the rejected deed of trust:

"This indenture, made this third day of April in the year of our Lord one thousand eight hundred and ninety-three, between Jabez F. Clark, of the county of Arapahoe and state of Colorado, party of the first part, and E. J. Miller, of the county of Arapahoe and state of Colorado, party of the second part."

"The lands and premises situate in the county of Arapahoe and state of Colorado known and described as follows, to wit: Lot numbered nineteen (19) and the west thirteen (13) feet of lot numbered eighteen (18) in Park Avenue Addition to the city of Denver, county of Arapahoe and state of Colorado."

"The Tremont Street door of the Court House in the county of Arapahoe in the state of Colorado."

From the foregoing it definitely appears that the grantor and grantee were both of the county of Arapahoe and state of Colorado; that the premises conveyed were in said county and state, and that, in the event of a sale by the trustee, such sale was to take place at the Tremont street door of the court house in the county of Arapahoe and state of Colorado.

It is not contended that this is a case of a deed being void on account of uncertainty or indefiniteness in the grantee named in the deed, as E. J. Miller was the grantee named. Miller, however, filed in the clerk and recorder's office of the county of Arapahoe his written resignation as such trustee.

The deed of trust contained the following clause with reference to a successor in trust:

"It is further agreed, and especially understood, that in case of death, resignation, removal or absence from the county of Arapahoe, or refusal or

failure or inability of said party of the second part to act, then the acting sheriff shall be, and is hereby appointed and made successor in trust of the said party of the second part, and in such event the said lands and premises shall become vested in such new trustee, and all the power and authority by this indenture granted to the said party of the second part, shall accrue to and be exercised by the said acting sheriff the same to all intents and purposes as if he had been made the party of the second part herein.''

It will be noticed that, in this clause of the deed, the words ''county of Arapahoe'' occur.

It is contended by appellees that the omission of the words ''county of Arapahoe'' after the words ''acting sheriff'' in the clause last above quoted, rendered the deed of trust so uncertain and indefinite as to make it void.

With this contention we cannot agree.

Under the rules of construction above stated, it seems to us clear that the intention of the grantor was to designate the acting sheriff of the county of which the parties were residents, in which the property was situated, and in which the sale was to be made, as the successor in trust, and that the use of the words ''acting sheriff,'' taken in connection and construed with the other clauses and expressions of the deed, sufficiently named such sheriff as the successor in trust, and distinguished him from all other persons to execute the trust deed, upon the happening of the contingency provided for by deed in the clause appointing a successor in trust. In other words, the language and expressions of the deed unerringly point to the conclusion that the acting sheriff of Arapahoe county, to the exclusion of all other persons, was intended as the person to execute the trust as successor in trust, and that a deed, executed by such acting sheriff, in compliance with the

terms and conditions otherwise imposed by the deed of trust, would carry into effect the intention of the parties, and convey such title as the grantor had at the date of the execution of the deed of trust.

For the reasons above stated, the trial court erred in excluding the deed of trust, for which error the judgment must be reversed.          *Reversed.*

Chief Justice Gabbert and Mr. Justice Gunter concurring.