[No. 5959.]

HEALEY V. ZOBEL.

1. **Appeals—When an Appeal Lies**—An action to restrain the sale of lands under a deed of trust does not involve a freehold. No appeal lies from a judgment of discontinuance therein.—(295)

2. **Deed of Trust — Designation of Trustee—Period of Advertisement**—A deed of trust to "the public trustee," executed by a resident of a particular county, conveying lands situate in that county, requiring notice of the sale, upon default, to be

published in that county, sufficiently identifies the grantee as the public trustee of the same county.—(296)

Failure of the deed to specify the length of time for which the notice of sale must be published does not invalidate the advertisement. The trustee may advertise for a reasonable time, not less than the minimum period provided by the statute.— (297)

3. Pleadings—Amendment—Must Be Applied For—Where, on sustaining a demurrer to the complaint, no application for leave to amend is made, judgment of discontinuance is proper. —(298)

*Appeal from Lake District Court*—Hon. Frank W. Owers, Judge.

Mr. A. S. Blake, Mr. E. T. Wells, for appellant.

Mr. Charles Cavender, Mr. Joseph W. Clark, for appellee.

Chief Justice Steele delivered the opinion of the court:

The court, having sustained a demurrer, entered judgment dismissing the complaint and dissolving a temporary writ of injunction. From the judgment the plaintiff appeals to this court. There was no money judgment, and as neither a franchise or freehold was involved, the clerk is directed to dismiss the appeal for want of jurisdiction, and to enter the case as pending on writ of error.

The plaintiff, having executed her deed of trust to secure the payment of her promissory note in the sum of four hundred dollars, and the public trustee having advertised the property for sale, brought this action to perpetually enjoin the sale.

The allegations of the complaint, so far as material to the assignments of error discussed in the briefs, are:

1.    That the property was conveyed to the public·trustee without naming him.

2.    That the deed contained no provision fixing the time of notice and advertisement of sale.

3.·   That the notice of sale contains a statement contrary to the fact—that the deed of trust provided for a sale of the premises on thirty days' notice.

4.    That neither the trust deed nor the notice of sale contained any description of the property except by reference to the records of the recorder's office.

In support of the appellant's assignments of error, she says that the deed, not having named the grantee, if not absolutely void, was ineffectual to authorize the threatened sale of the property by the public trustee.    The language of the deed is:   "This indenture, made this seventh day of October in the year of our lord one thousand nine hundred and ..... between Josephine Healey, of the county of Lake and state of Colorado, party of the first part, and the public trustee, party of the second part, witnesseth."   It would perhaps have been more accurate to have stated the name of the person occupying the office of public trustee of Lake county, but the mere failure to insert the name of the officer does not, in our opinion, invalidate the trust deed. The maker of the deed undoubtedly intended to execute a deed which would enable the holder of her note to sell the property if default was made by her in the payment of the note, or interest thereon.   The very point involved here has been decided by this court in the case of *Kilgore v. Cranmer,* 35 Colo. 485, 84 Pac. 70.   In that case, it was claimed that, inasmuch as the trustee named in the deed had resigned and the deed of trust named the "acting sheriff," without naming him, and without describing the acting sheriff of any particular county as

the successor in trust with power of sale, that the deed was void for uncertainty. The court held, quoting from Devlin on Deeds, sec. 184, that: " 'The fact that the grantee is not described by name will not affect the validity of the deed if the designation or description be sufficient to distinguish the person intended from the rest of the world.' "

It was also there held that, inasmuch as the parties were of Arapahoe county, and the sale authorized to be made in Arapahoe county, that the acting sheriff of Arapahoe county was the person to make the sale as successor in trust.

In this case, the grantor resided in Lake county, the land is in Lake county and the deed requires the notice of sale to be published in Lake county, and the sale to take place in Lake county. The deed refers to the Act of 1894 for public trustee in each county of the state, and it unerringly points to the public trustee of Lake county, to the exclusion of all other persons, as being intended by the grantor as the officer to execute the trust.

The notice of sale describes the property as described in the deed of trust. It recites that the legal holder of the note to secure which the deed was given has elected to advertise the property for sale. It is claimed that, as the deed of trust failed to specify the period of advertisement, it is ineffectual. The statute provides that deeds of trust shall prescribe a period of advertising notice of sale weekly in some newspaper of general circulation, which publication shall not, in any case, be for less than four weeks, and we are of opinion that the failure to designate what period of advertising should be made does not invalidate the deed. If the grantor does not designate the period in the deed, the trustee may advertise a reasonable time, but in no event for less than

the time mentioned in the statute. The demurrer to the complaint, we think, was properly sustained.

Counsel say the complaint should not have been dismissed because there should have been opportunity given to amend. The record fails to show that request to amend was made.

The judgment is affirmed.                    *Affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.