[No. 3396.]

## Muntzing et al. v. Newsom.

1. Evidence—*Judicial Notice.* The courts take judicial notice of the county in which particular lands are situate; and of the county seat of such county.

2. Trust Deed—*Construed—Certainty as to Successor Trustee.* A deed of trust conveyed lands situate in a particular county was acknowledged in that county; the note secured thereby was made payable at the county seat of the same county; and the deed provided that any sale of the lands thereunder, should be

made at the court house in that county. Held that the designa-
tion of the "county clerk," as successor in trust, not specifying
what county clerk, imported the county clerk of the same county
and was sufficiently certain.

*Appeal from Washington District Court.* HON. H.
P. BURKE, Judge.

Mr. EGBERT MORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

CUNNINGHAM, Judge.

Plaintiff, appellee here, brought her action in
ejectment in the district court to recover possession
of the southeast quarter (¼) of section fourteen
(14) township two (2) north, range fifty-two (52)
west, Washington county. The only question de-
bated in the briefs pertains to the sufficiency of a
certain trustee's deed offered in evidence by the
plaintiff, and admitted for the purpose of establish-
ing her title in the land, and we shall accordingly
limit our consideration of the case to this point.

The trustee's deed complained of was executed
by G. M. Boss, county clerk of Washington county,
Colorado, as successor in trust. The only provision
in the trust deed for a successor in trust is found in
a parenthetical clause in that instrument, reading
as follows: "And in case of refusal or inability to
act of said second party, then county clerk is made
successor in trust to said second party under this
deed for the uses and purposes herein expressed
with the same power as said trustee." Appellants
on the trial, and in this court, base their objection
to the trust deed upon the contention that it does not
appear in the trust deed what county clerk, or the
clerk of what county, was designated as successor

in trust. In other words, they assert that the uncertainty of the party designated in the trust deed as successor in trust is so manifest that no one was authorized as successor in trust to execute the power of sale contained in the trust deed, and, therefore, the trustee's deed executed by Boss, the county clerk of Washington county, and on which the appellee relies for her title, was and is void. A very similar question was before the supreme court of this state in *Kilgore v. Cranmer et al.,* 35 Colo., 485. In the Kilgore case, as here, the regularity of the trustee's deed was the sole question before the court. In that case it appears from the opinion that both parties to the trust deed were residents of the county in which the land was situated, and where, by the provisions of the trust deed, the sale should take place, in the event of a foreclosure. In the deed before us, the residence of the parties to the trust deed is not made to appear. In that respect, the trust deed here under consideration, and the trust deed before the court in the Kilgore case, are dissimilar. But it appears from the trust deed before us: (a) that the notes secured by it were payable at Akron, Colorado (and we may take judicial notice that Akron is the county seat of Washington county); (b) that the land was situated in Washington county; (c) that in case of default in the payment of the notes, the land was to be sold at public auction at the front door of the court house in the county of Washington; (d) that the advertisement of the sale was to be made in a newspaper published in said county; (e) that the acknowledgment of the trust deed was made before a notary public in and for said county.

There is no occasion for us to prolong this

opinion by citing and quoting the authorities bearing on the question that we are considering, since they will be found fully collated by Mr. Justice Maxwell, who wrote the opinion in the Kilgore case. In the absence of any showing whatever that the county clerk of Washington county was not the party intended by the contracting parties, we hold that he was the party designated in the trust deed as the successor in trust, and that the trial court properly overruled the objection of appellant to the admission of the trustee's deed executed by that official.

The judgment of the trial court is affirmed.