Cunningham, Judge.
Plaintiff, appellee here, brought her action in ejectment in the district court to recover possession of the southeast quarter (14) of section fourteen (14) township two (2) north, range fifty-two (52) west, Washington county. The only question debated in the briefs pertains to the sufficiency of a certain trustee’s deed offered in evidence by the plaintiff, and admitted for the purpose of establishing her title in the land, and we shall accordingly limit our consideration of the case to this point.
The trustee’s deed complained of was executed by G. M. Boss, county clerk of Washington county, Colorado, as successor in trust. The only provision in the trust deed for a successor in trust is found in a parenthetical clause in that instrument, reading as follows: “And in case of refusal or inability to act of said second party, then county clerk is made successor in trust to said second party under this deed for the uses and purposes herein expressed with the same power as said trustee.” Appellants on the trial, and in this court, base their objection to the trust deed upon the contention that it does not appear in the trust deed what county clerk, or the clerk of what county, was designated as successor *448 in trust. In other words, they assert that the uncertainty of the party designated in the trust deed as successor in trust is so manifest that no one was authorized as successor in trust to execute the power of sale contained in the trust deed, and, therefore, the trustee’s deed executed by Boss, the county clerk of Washington county, and on which the appellee relies for her title, was and is void. A very similar question was before the supreme court of this state in Kilgore v. Cranmer et al., 35 Colo., 485. In the Kilgore case, as here, the regularity of the trustee’s deed was the sole question before the court. In that case it appears from the opinion that both parties to the-trust deed were residents of the county in which the land was situated, and where, by the provisions of the trust deed, the sale should take place, in the event of a foreclosure. In the deed before us, the residence of the parties to the trust deed is not made to appear. In that respect, the trust deed here under consideration, and the trust deed before the court in the Kilgore case, are dissimilar. But it appears from the trust deed before us: (a) that the notes secured by it were payable at Akron, Colorado (and we may take judicial notice that Akron is the county seat of Washington county); (b) that the land was situated in Washington county; (c) that in case of default in the payment of the notes, the land was to be sold at public auction at the front door of the court house in the county of Washington; (d) that the advertisement of the sale was to be made in a newspaper published in said county; (e) that the acknowledgment of the trus.t deed was made before a notary public in and for said county.
There is no occasion for us to prolong this *449 opinion by citing and quoting the authorities bearing on the question that we are considering, since they will be found fully collated by Mr. Justice Maxwell, who wrote the opinion in the Kilgore case. In the absence of any showing whatever that the county clerk of Washington county was not tlie party intended by the contracting parties, we hold that he was the party designated in the trust deed as the successor in trust, and that the trial court properly overruled the objection of appellant to the admission of the trustee’s deed executed by that oL ficial.
The judgment of the trial court is affirmed.