## No. 9676.

### MILLAGE ET AL. *v.* CHURCHILL.

Decided January 10, 1921.

Action to quiet title.    Judgment for plaintiff.

*Affirmed.*

1. DEEDS—*Construction.*    In construing written instruments courts should seek for and give effect to the actual intent of the parties, when such intent is manifest.

2. APPEAL AND ERROR—*Construction of Deed—Parol Evidence.*    In an action involving the effect of a limitation clause in a warranty deed, it was not error to exclude testimony proffered as to prior declarations of the deceased grantor relative to disposition of the property, when it was apparent that the terms of the limiting clause were repugnant, hopelessly conflicting and incapable of being harmonized by parol testimony.

3. DEEDS—*Limitation Clause—Construction.*    In the construction of a warranty deed containing a limitation clause the terms of which are too indefinite, conflicting and ambiguous to permit of interpretation and enforcement with any degree of certainty as to the real intent and purpose of the grantor, the granting clause, which is clear and unequivocal, will control.

*Error to the District Court of Phillips County, Hon. H. P. Burke, Judge.*

Messrs. MUNSON & MUNSON, for plaintiffs in error.

Messrs. ALLEN & WEBSTER, Mr. LOUIS H. DRATH, for defendant in error.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

THIS action is in the nature of a suit to quiet title, wherein Ida Churchill, formerly Ida Millage, sought to have construed a deed executed to her by Jacob Millage, she being then his wife. Shortly after the execution and delivery of the deed Jacob died. Later this action was brought to have it determined whether the deed conveyed to Ida a title in fee or only a life estate. The trial court held that the deed conveyed the land in fee, and defendants bring the cause here for review on error.

No witness was sworn at the trial. It was stipulated, however, that if certain witnesses were present and testifying it would in effect be shown: That Jacob Millage, the grantor in the deed, married the plaintiff some eight or ten years prior to the execution of the deed; that she was his second wife; that Jacob had five children living by his first wife, and none by his second; that the deed was executed during his last illness and shortly before his death; and according to his prior statements Jacob intended to convey to his wife a life estate only in the land, with remainder over to his children, and that he consulted an attorney who was to draw the deed in question to effect such intent. This evidence was rejected, except as to that which tended to establish the fact that an attorney had dictated the conveyance in part, at least, particularly the so-called limitation clause.

The deed is on a printed warranty deed form, and recites that the grantor "has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell, convey and confirm unto the said party of the second part,

his heirs and assigns forever" the real property involved. "To have and to hold such premises above bargained and described with the appurtenances thereunto belonging unto the party of the second part, his heirs and assigns forever." The deed carries the usual covenants of warranty.

Written into the instrument, following the description of the land conveyed, is this clause:

"This deed is in fee simple during the life of the said second party, and at the death of the said second party, the said Ida Millage, the title to said land above described shall descend to and vest in the legal heirs of the said first party, the said Jacob H. Millage."

The question is whether the conveying clause of a deed governs the construction of the instrument, or whether the whole document should be considered together, and effect given to the intent of the grantor, if clearly indicated. There is a wealth of authority for the rule that the granting clause controls, when plain and specific, to the exclusion of any attempted limitation thereafter injected into the deed. We are unwilling, however, to follow or approve these authorities, but are rather in accord with the more modern rule, which holds in effect that, in considering written instruments, courts should seek for and give effect to the actual intent of the parties, when such intent is manifest. The leading case in support of this proposition is *Johnson v. Barden,* 86 Vt. 19, 83 Atl. 721, Ann. Cas. 1915A, 1243. The question then recurs, What was the intent or purpose of the grantor in the execution and delivery of this deed?

The instrument by its granting clause, conveys the land to the party of the second part, her heirs and assigns forever. The words "heirs and assigns forever" are universally used and recognized as terms which characterize and in fact constitute a fee simple estate, as distinguished from lesser ones. And in the *habendum* clause the grant above set out is confirmed in apt and specific language. With the exception of the statement after the description of the land that "this deed is in fee simple during the life of the

said second party, and at the death of the said second party, the said Ida Millage, the title to said land above described shall descend to and vest in the legal heirs of the said first party, the said Jacob H. Millage," the deed is an ordinary warranty deed, and conveys the land in fee. This limitation, if such it may be termed, contains conflicting provisions, capable of different plausible interpretations. Under such circumstances the court would be wholly unwarranted in attempting therefrom to determine and declare what the precise intention of the grantor was. Moreover, the clause does not purport to be a statement of intention, but rather of opinion as to the effect of the conveyance, which opinion being repugnant to the well settled meaning of the specific terms of the grant, and conflicting in its own terms, should not be recognized as in any way affecting the grant actually made. Had the limitation clause been clear and specific, indicating an indubitable intent and purpose to grant a life estate only, as was the case with the deed involved in *Johnson v. Barden, supra,* then the master rule of intent might well be applied. Not, however, we think, upon the facts of this case.

It was not error on the part of the trial court, under the circumstances, to exclude the testimony proffered as to prior declarations of the grantor, since it is apparent that nothing thus tendered could have made clear what the actual intention and purpose of the limitation was, since it is repugnant in its terms and hopelessly conflicting, and therefore incapable of being made plain and harmonious by parol testimony. Moreover, the offer was to show declarations of the grantor relative to a proposed disposition of the property, not declarations tending to throw light upon or explanatory of the limitation clause actually appearing in the deed. Manifestly under such circumstances the court should be limited to a consideration of the terms actually employed in construing and giving effect thereto. We regard these as being too indefinite, conflicting and ambiguous to permit of interpretation and enforcement with any degree of certainty as to the real intent and purpose in their

use by the grantor. To hold that this deed conveys a life estate only would be in effect to make a deed for the grantor, without being certain of his intent and purpose in the conveyance, except as advised by the terms of the granting clause, which are clear and unequivocal, and under the facts and circumstances of this case should in our opinion control.

Judgment affirmed.

MR. JUSTICE DENISON dissents. MR. JUSTICE BURKE not participating.

MR. JUSTICE DENISON dissenting.

I cannot agree with the majority opinion.

First,—It was error to reject the testimony of Carl Millage. There was nothing in his testimony that did not show the circumstances under which the deed in question was prepared and executed. It is true of all contracts that they not only may but ought to be construed in the light of the circumstances of their execution,—and to that end oral testimony is always competent. *Killgore v. Cranmer*, 35 Colo. 485, 487, 84 Pac. 70; *Messenger v. German American Ins. Co.*, 47 Colo. 448, 453, 107 Pac. 643. I agree that it was right to exclude testimony as to the declarations of the grantor made prior to the deed. But the testimony of Carl Millage was not such.

Second,—I agree that we should follow the more modern rule expressed in *Johnson v. Barden*, 86 Vt. 19, 83 Atl. 721, Ann. Cas. 1915A, 1243. This court has already so declared. *El Paso County v. Colo. Springs*, 66 Colo. 111, 117-118, 180 Pac. 301, 304. But the intent of this deed seems clear to me, that is, to convey a life estate. The majority opinion gives the interpolation no force whatever; that violates the elementary rule that all parts of a deed should be given force, if possible, especially parts that are written into blank forms. The opinion also suggests that this interpolated clause is a mere expression of opinion as to the effect of the deed. The opinion of the grantor as to the effect of

the deed is his intent. The interpolation was manifestly intended to qualify the deed.

Third,—It is said that the expression "* * * fee simple, during the life" is ambiguous and self-contradictory. So it is to a lawyer, but to one who does not know what "fee simple" means, (and it is evident the grantor did not) it would seem clear and consistent, and the intent is made unquestionable by the following words, which definitely provide for and determine a remainder. It is not conceivable that these words could be used by any one, lawyer or layman, without intent to limit the estate.