## No. 9855.

### RADETSKY *v.* JORGENSEN, ET AL.

Decided May 2, 1921.    Rehearing denied December 5, 1921.

Action in ejectment.    Judgment for plaintiffs.

### *Reversed.*

1.  CORPORATIONS—*Railroads—Power to Acquire Real Property.* Where a corporation is empowered to acquire real estate without limitation in point of estate, it has the right to acquire a title in fee simple.

2.  REAL PROPERTY—*Condemnation—Purchase.* The fact that only an

easement or terminable fee may be acquired by the exercise of the power of eminent domain, does not preclude the acquisition of an estate in fee simple by purchase from the owner.

3.  DEEDS—*Right of Way—Estate Conveyed.* The provisions of a deed to a railroad company for a right of way reviewed and held to convey an estate in fee simple.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. SIMON QUIAT, Mr. SAMUEL S. GINSBERG, Mr. HENRY E. MAY, for plaintiff in error.

Mr. HARRY S. CLASS, Mr. B. A. GATES, for defendants in error.

Messrs. ROGERS, JOHNSON & FULLER, Mr. JAMES E. GARRIGUES, *Amici Curiae.*

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in ejectment brought by George Jorgensen and Lena Jorgensen against M. S. Radetsky and others, to recover a strip of land, hereinafter described. Judgment was for plaintiffs, and the defendant Radetsky brings the cause here for review.

The plaintiff in error, one of the defendants below, claims under and relies upon a certain deed which in 1908 had been executed and delivered by the plaintiffs to The Denver, Laramie and Northwestern Railway Company, a Wyoming corporation. The plaintiffs, defendants in error here, admit the execution and delivery of the deed in question, but claim that the land was conveyed for railroad purposes only, and having ceased to be used for such purposes, all the estate in the land had reverted to them. The main question to be determined is whether, under the admitted facts, hereinafter mentioned, the deed in question conveyed an estate in fee simple, as plaintiff in error claims, or some lesser estate, such as an easement or a terminable fee, as the defendants in error contend.

Assuming, without deciding, that it is material to the question above stated, we will first determine whether The Denver, Laramie and Northwestern Railway Company, the grantee in the deed in question, had the legal capacity to purchase and hold an estate in fee simple in the land described in the deed. It is admitted, or at least not disputed, that the land was acquired and used for a railroad right of way.

The grantee company's charter authorized the company "to obtain, acquire, hold and use any * * * real or personal property incident to, or necessary and convenient for the operation of (its railroad) or any part thereof, by purchase, lease or otherwise."

The statute of Wyoming, the domicile of the grantee company, is or was, as pleaded by the plaintiffs, as follows:

"Every corporation * * * has power * * * to hold, purchase and convey such real and personal estate as the purpose of the corporation may require. * * *

"The powers enumerated in the preceding section, shall vest in every corporation that shall hereafter be created, although they may not be specified in the certificate, or in the act under which it shall be incorporated, but no corporation shall possess or exercise any corporate powers except such as shall be necessary to the exercise of the powers so enumerated."

The statutes of this state, with reference to the power of domestic or foreign corporations to acquire real estate, are not so materially different from the Wyoming statute as to require separate mention or discussion.

The language of the charter, and of the provisions of the Wyoming statute, as above quoted, is broad enough to authorize the taking of an estate in fee simple in lands acquired for "the purposes of the corporation." The term "real estate" as used in the statute refers to real estate as tangible property, and not merely to an estate or interest in land. The limitation is upon the quantity of land, not upon the estate in the land. This view is in harmony

with the general rule, in the law of corporations, that where a corporation is empowered to acquire real estate, without limitation in point of estate, it has the right to acquire a title in fee simple. 14A C. J. 500, note 74.

The Wyoming statute is not materially different from that considered in *Gilbert v. Missouri, K. & T. Ry. Co.*, 185 Fed. 102, 107 C. C. A. 320, where the court said:

"This law by necessary implication confers the power upon railroad corporations to take a fee title to land purchased for right of way or other railroad purposes."

In 22 R. C. L. 860, it is said:

"It has frequently been held that a railroad may, unless prohibited by statute, acquire the fee in the right of way where the deed of conveyance is sufficient for that purpose."

In view of the considerations above expressed, we hold that the grantee company had the authority and capacity to acquire an estate in fee simple in lands purchased for railroad purposes. In reaching this conclusion we have not overlooked the case of *Lithgow v. Pearson*, 25 Colo. App. 70, 135 Pac. 759, holding that a railroad acquiring a right of way by condemnation proceedings takes and can take only a terminable fee. The fact that only an easement or a terminable fee may be acquired by the exercise of the power of eminent domain, does not preclude the acquisition of an estate in fee simple by purchase from the owner. *Nye v. Taunton Branch R. Co.*, 113 Mass. 277; *Spierling v. Ohl*, 232 Ill. 581, 83 N. E. 1068, 13 Ann. Cas. 430.

The principal, and the only remaining, point to be considered is whether an estate in fee simple was conveyed to the railroad company by the deed hereinbefore mentioned.

The deed is in the form of a general warranty deed. It recites, in its granting clause, that the grantors grant, bargain, sell and convey to the grantee Railway Company, "its successors and assigns forever, all the following described lot or parcels of land, * * * to-wit:

"A strip of land one hundred feet wide of which the center line of the route and line of said railway as the same is now surveyed, staked and located, is the center, being 50 ft. each side of the center line of said route, over, across and through the following described tract of land, as said route and line of said railway passes through the same, to-wit:  The north east quarter of section 24," etc.

Then follows certain agreements on the part of the grantee with reference to maintaining conduits for water and a wagon road crossing over the land conveyed.  The remainder of the deed is in every respect in the form generally used to convey an estate in fee simple, reciting, among other things, that "all the estate, right, title, interest," is conveyed.

In 33 Cyc. 167, the text reads as follows:

"Where there has been a grant or conveyance of land to a railroad company, the question as to what estate or interest is thereby acquired by the company must be determined from the intention of the parties as shown by the whole instrument, taken in connection with the railroad company's charter or governing statutes.  Thus where such appears to be the intention of the parties a fee in the land and not a mere easement will be conveyed."

Applying the rule thus stated, we cannot arrive at any other conclusion than that an estate in fee simple was conveyed.  See *Carr v. Miller*, (Neb.) 181 N. W. 557.

In many of the cases where a railroad company was held to have acquired merely an easement or a terminable fee, and not an estate in fee simple, in the land used for a right of way, the language of the granting clause in the deed clearly supported the conclusion, and the cases are distinguishable from the instant case.  Thus in *Jones v. Van Bochove*, 103 Mich. 98, 61 N. W. 342, the property conveyed was described as "the right of way for a railroad," and as a reason for holding that an easement only and not a fee was conveyed, the court said:

"It does not purport to convey a strip of land 40 feet wide, etc., but the right of way over a strip 40 feet wide.

Cases, undoubtedly, can be found in which the operative words of the grant relate to the land itself; but such construction cannot be given to this deed."

In the instant case, the situation is reversed; the deed does purport to convey "a strip of land," and not merely a right of way over a strip of land.

In some cases the conveyance recited that it was "for the uses and purposes of a railroad" and on that account it was held that a determinable fee was created. 33 Cyc. 169. That situation does not exist in the instant case.

In our opinion the deed conveyed an estate in fee simple.

The judgment is reversed, and the cause remanded with directions to enter judgment against plaintiffs and for the defendant Radetsky.

MR. JUSTICE TELLER dissents. MR. CHIEF JUSTICE SCOTT not participating.

MR. JUSTICE TELLER dissenting:

The question determined in this case being one of first impression here, with but few decisions of it in other jurisdictions, and they being in conflict, I deem it my duty to state the grounds of my dissent.

The decision in such a case should be based upon broad principles of established law, and not upon narrow, technical, and largely outgrown rules, which oft times defeat the plain demands of justice.

The majority opinion does not meet this requirement. It quotes the rule that, in the construction of written instruments, effect should be given to the ascertained intent of the parties; but fails to apply it in construing the deed here under consideration. It makes the granting clause controlling, ignoring other language in the deed, and the circumstances surrounding its making, as shown in evidence, by which it clearly appears that the intent of the parties was not expressed in the granting clause. From

that clause alone, it would appear that a fee simple title was conveyed, with nothing to indicate the proposed use of the land. Yet the opinion states that the land was acquired for a railroad right of way, a statement which appears from other parts of the deed to be entirely correct. The result is that while the court was aware that the deed was given for a right of way, it refuses to recognize the effect of that fact, and determines the question solely on the language of the granting clause.

Having quoted the railroad company's charter to the effect that it may acquire and hold real property necessary or convenient to the operation of its railroad, the opinion states that "the limitation is upon the quantity of land, not upon the interest in land." I see no ground for this conclusion. The question here is as to the powers of Wyoming corporations to take land, not upon the quantity they may take. The contention of counsel is that they may take and hold land only as needed for the purpose of their organization. This is directly declared in the statute quoted, "no corporation shall possess or exercise any corporate powers except as they shall be necessary to the exercise of the powers so enumerated."

Title to lands, whether acquired by purchase or by condemnation, is taken and held subject to this provision, that it be necessary to the purposes of the corporation.

The taking of land by condemnation is an act of sovereignty, and is, and can be justified only on the ground of a public need of it. Because of that fact, it is well settled law that when land is taken for a right of way by condemnation, the title reverts when the land is no longer used for that purpose. That is to say, the use of the land for a public purpose is the basis of the right to hold it. This is true, also, of lands deeded, in terms, for a right of way. If the title reverts when a right of way is abandoned, whether conveyed in terms, as such, or condemned; it follows that the reason of the reversion is that the land was sold, or taken *for a right of way*. When, then, it ap-

pears that land, was in fact sold by the vendor and purchased by the vendee for a right of way, though a title in fee be technically conveyed, why should not the reason of the rule apply, and a reversion result?

The only answer attempted is that a fee was conveyed without stating that the intent was to convey only a right of way. This limits a consideration of the intent of the parties to the language of the granting clause, ignoring the fact that the intent of the parties to a deed, as well as to other instruments, should be ascertained from the language used, read in the light of the circumstances under which it was made.

In *Lockwood v. R. R. Co.*, 103 Fed. 243, 43 C. C. A. 202, this rule was applied to a contract which conveyed land to a railroad company, and which contained a covenant thereafter to execute a deed conveying the land in fee. It was held that a right of way only was intended, and conveyed. The rule that a deed should be construed according to the ascertained intent of the parties is approved by this court in *Millage v. Churchill*, 69 Colo. 457, 195 Pac. 107. In the deed here in question the land is three times mentioned as a right of way, and the tract is described as "being fifty feet on each side of the center line of said route *over, across and through* the following described tract of land." In refusing to give effect to the rule that a right of way reverts when abandoned, the court makes the granting clause conclusive on the question of intent, though the land was, in fact, as the opinion states, taken as a right of way.

In other words, because defendant in error, when the right of way agent, after an extended negotiation for a right of way, including threats of immediate condemnation proceedings, presented a deed for signature, did not know that it was necessary to have the words "for a right of way" inserted after the words of grant, he parted with an absolute title in fee. That the land was elsewhere in the deed mentioned as a right of way is not deemed sufficient.

Thus it appears that a conveyance, manifestly for a right of way, conveys only that interest in case the words appear in one place in the deed, but have no effect to limit the interest conveyed if they appear in another place, though they evidence the same intent. This is to create and apply a rule which is on a par with the "rule in Shelley's case" the usual application of which defeats the intent of the parties to a conveyance.

If the words "in fee" are of such controlling import, how can it be held that land acquired by condemnation reverts, in case of abandonment, in face of the fact that the statute, Section 2420 R. S. 1908, provides, that on compliance with its terms, the petitioner in condemnation proceedings is "seized in fee" of the lands taken? Yet it has been so held in this state. *Lithgow v. Pearson,* 25 Colo. App. 70, 135 Pac. 759.

In *Smith Canal Co. v. C. I. & S. Co.,* 34 Colo. 485, 82 Pac. 940, 3 L. R. A. (N. S.) 1148, where this statute was under consideration, it is pointed out that the word "fee" may be treated merely as referring to an estate or interest in the nature of an easement or mere right of way. In the opinion reference is made to *Kellogg v. Malin,* 50 Mo. 496, 11 Am. Rep. 426, in which in a similar statute the words "fee simple" were held not to be used in a technical sense, and that only a right of way was given. It was therefore held that the ditch company obtained only a right of way, and not an absolute title. May we not then properly hold that, when the word "fee" is used in a conveyance for a right of way, it was used in that qualified sense? In reason, it must be that the purpose for which the land is taken, either by condemnation, or as a result of a conveyance to avoid condemnation, is controlling on the question of the interest acquired.

The majority opinion discusses at some length the authority of the railroad company to take a title in fee, a matter not seriously questioned, but fails to discuss the theory upon which the case was tried and determined be-

low, and upon which counsel depend to sustain the judgment here. That theory is that a conveyance, in fact for a right of way, though in terms for a fee, conveys only a right of way. This position of counsel is supported by the well reasoned case of *Abercrombie v. Simmons*, 71 Kans. 538, 81 Pac. 208, 1 L. R. A. (N. S.) 806, 114 Am. St. Rep. 509, 6 Ann. Cas. 239. The court there lays down what appears to me to be the just and reasonable rule and said:

"Now, as we have seen, the deed and those things to which we may look in its interpretation plainly show that the strip was sold on the one part, and purchased on the other, as and for a right of way for a railroad. This use, being within the contemplation of the parties, is to be considered as an element in the contract, and limits the interest that the railroad acquired. It took the strip for a specific purpose, and could hold it so long as it was devoted to that purpose. * * * Whatever its name, the interest was taken for use as a right of way, it was limited to that use, and must revert when the use is abandoned."

The same rule is recognized in Minnesota in *Fairchild v. City of St. Paul*, 46 Minn. 540, 49 N. W. 325. The court had under consideration a statute which provided that the title to land condemned in St. Paul for street purposes should "be vested absolutely in the City of St. Paul, in fee simple." The court held that this must be construed as giving to the city only a qualified fee:

"The fee simple for street purposes, which gives the city absolute control over the land for those purposes, but that its title is not a proprietary, but what might be termed a sovereign or prerogative, one, which it, as an agency of the state, holds in trust for the public for street purposes, and which it can neither sell nor devote to a private use."

The general holding is that though statutes provide that in condemnation the petitioner shall be seized in fee of the land taken, nothing more than an easement passes, giving right to the land so long as it is used for the purpose for which it is taken, but when that use is abandoned, it reverts to the owner. *Kellogg v. Malin, supra.*

I can conceive of no reason why one rule should be applied to land taken by condemnation, and another to land deeded as a result of negotiations for a right of way under threats of a compulsory taking. If the statute has not the force to vest a petitioner in condemnation with an absolute fee, why should the deed of the landowner, made to avoid a proceeding in condemnation, have a greater effect?

Three cases are cited in support of the courts holding, but one of which is in point. The Massachusetts case involved a question as to the proper construction of the words used in describing the land conveyed, and the reference to the point here under consideration was obviously a dictum. It had no connection with the question at issue.

The Illinois case holds with the plaintiff in error without discussion of cases to the contrary, citing four cases in support of its position, only one of which (the Vermont case) does in fact support it.

The reasoning of neither the Illinois case nor the Vermont case is satisfactory; the conclusions in each being based apparently upon the theory that words of grant are conclusive. Such a rule is in direct conflict with the holding in *Johnson v. Barden,* 86 Vt. 19, 83 Atl. 721, Ann. Cas. 1915A, 1243, approved by this court in *Millage v. Churchill, supra.* That position has been sufficiently discussed herein.

The Nebraska case cited, *Carr v. Miller,* does not support the court's position. In that case a land company owning seventeen hundred acres adjoining the City of Omaha, by contract *induced* The Bridge and Terminal Company to construct a belt line around its land so that sidetracks might be run in to accommodate industrial concerns to be located on the tract. The conveyance was made not to avoid condemnation, but to carry out a purpose of the land company. It was contended that the words of the deed conveying the land "for terminal and railway purposes and uses" showed that the Terminal Company was to have a right of way only. The court held that the words did not show an intent to convey only a right of way.

It being conceded in this case that it was the intent to convey a right of way, it is manifest that the Nebraska case is not in point.

For the reasons above stated, I am clearly of the opinion that the judgment of the trial court was right and should be affirmed.