## No. 15,431.

### MOORE *v.* SECOND CONGREGATIONAL CHURCH OF COLORADO SPRINGS.

(175 P. [2d] 90)

Decided November 18, 1946.    Rehearing denied December 4, 1946.

Mr. HARRY S. CLASS, Mr. O. E. COLLINS, for plaintiff in error.

Mr. FRANK MOBLEY, Mr. PAUL S. FRIES, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A SUIT involving title to real estate, in which defend-

ant in error, defendant below, enjoyed favorable judgment.

It appears that February 9, 1940, the late Adna W. Moore, a minister of the gospel, then, and for some years immediately prior thereto, the pastor of defendant in error, was the owner and in possession of the property involved, and was occupying it as a home for himself and family; that on the date mentioned, proceeding without the knowledge of defendant in error, and sans consideration, and employing a "Colorado Springs" form of warranty deed containing the granting clause, printed conditions and reservations pertaining to the sale of liquor on the property being conveyed, and reversion of the title in the event thereof (not involved here), and one further condition and reservation, specially written and set forth therein, in form presently to be stated, conveyed the property to defendant in error; that the following day the Reverend Moore, still proceeding without the knowledge of defendant in error, caused the said deed to be recorded, after which the instrument was returned to him; that March 13, 1942, the grantor, whose possession of the property and pastorate of defendant in error continued until that date, departed this life, and thereafter, and hitherto, plaintiff in error his surviving wife, has enjoyed possession of the premises. Defendant in error claims under the deed generally, and plaintiff in error, for herself as surviving wife, and for decedent's daughter, Maxine M. Moore (now Barcafer), together constituting his sole heirs, claims under the "further condition and reservation" contained in the deed, which is as follows: "Said property to be used only as a parsonage for the resident pastor of said church. It is further provided that when, if ever, said property shall cease to be used as a parsonage, for said resident pastor, then said property shall immediately revert tc the said grantor, Adna W. Moore, if living, or to his heirs-at-law, to-wit: Wife, Dorothy M. Moore; daughter, Maxine M. Moore, or the survivor thereof." The haben-

dum clause of the deed reads as follows: "To have and to hold the same, with all the privileges and appurtenances, and all the estate, right, title and interest of said party of the first part [Adna W. Moore], either in law or equity, to the only proper use and benefit of the said party of the second part [Defendant in error church], its assigns forever; subject nevertheless, to the conditions and reservations herein above named and set forth, according to the true intent and meaning thereof."

We cannot think ambiguity attends the instrument involved. The form of deed employed lends itself to that conclusion. The granting clause thereof, a wide departure from such clause in the ordinary conveyance, contemplates conditions and reservations by the grantor, and the habendum clause, also essentially different from the usual one, emphasizes the potency of such conditions and reservations, and that they should be‐ determined "according to the true intent and meaning thereof." In disposing of the point in a case involving the precise form of deed used here, a comparable special condition and reservation, set forth immediately following the description of the property, and preceding the habendum clause, as the record there shows, and as here, we have said: "True, we should give the deed the meaning intended by the parties, but that must be derived from its contents, and when words are used which have a well recognized legal effect (in this case by statute: R.S. 1908, §675) ['35 C.S.A., c. 40, §8], we must give them that effect unless there is something else in the instrument to show that another meaning was intended. The very purpose of technical words and phrases, which is to facilitate construction by the use of words of known and fixed meaning, would be frustrated were we to do otherwise. There is nothing in the present deed to show that anything but a determinable fee was intended, because there is no expression inconsistent therewith." *County Com'rs v. City of Colorado Springs,* 66 Colo. 111, 180 Pac. 301, 90 A.L.R. 1152. In a case where evidently

the usual printed form of warranty deed was employed, we said: "We are * * * in accord with the more modern rule, which holds in effect that, in considering written instruments, courts should seek for and give effect to the actual intent of the parties, when such intent is manifest. * * *. The question then recurs, What was the intent or purpose of the grantor in the execution and delivery of this deed?" *Millage v. Churchill,* 69 Colo. 457, 195 Pac. 107.

Is the condition and reservation here of doubtful import? We cannot think so. Neither the fact of reversion in the circumstances stated in the deed, fully ripened by the happening of the event contemplated and expressed therein, the death of the grantor, necessarily to result, nor the identity of those who should enjoy such reversion, is lacking in certainty. The property was to be used for a parsonage by whom? By *"the* resident pastor of said church," reads the deed, not by *a* or *any* pastor thereof. How long or for what period was the property to be used as a parsonage? For purposes of our inquiry on the record here, until the passing of *the resident pastor,* the grantor in the deed. To whom, the stated event having occurred, was the property to revert? The grantor's heirs, specifically named in the deed. As to every essential detail, as we are convinced, the intent of the grantor unmistakably appears from the instrument, and is to the effect already indicated; and, since it violates no rule of property, the ascertained intent should be controlling.

We think the condition and reservation set forth in the deed, and upon which plaintiff in error relies, constituted a limitation upon the title claimed by defendant in error. Upon the death of the grantor—an event that was inevitable—the deed provided that title to the property described therein should revert to the grantor's heirs, in interest in that behalf here. "Whenever the event might occur upon which the limitation was based, the estate of appellee [grantee in the deed]

would immediately cease." *Denver and S. F. Ry. Co. v. School District,* 14 Colo. 327, 23 Pac. 987. Here, the limitation was to come to full flower upon the death of the grantor Moore, certain to take place, and which, as we have seen, has occurred. Defendant in error paid no consideration for the conveyance, and it does not appear that in reliance thereon it has done aught to its injury or even suffered inconvenience. All the equities favor those in whose behalf the suit was instituted.

That the trial court may so adjudge, let the present judgment be reversed.

MR. JUSTICE STONE and MR. JUSTICE BAKKE dissent.

MR. CHIEF JUSTICE KNOUS and MR. JUSTICE JACKSON do not participate.