## No. 9929.

### SWITZER *v.* THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CHAFFEE.

Decided January 9, 1922.

Proceedings to enjoin the construction of a county road. Judgment for defendant.

### *Affirmed.*

1. REAL PROPERTY—*Railroads—Title.* The conveyance to a railroad company of a strip of land one hundred feet wide, and not merely a right of way over the strip, is a conveyance of the fee, and upon abandonment of the tract for railroad purposes it does not revert to the abutting owner.

2. COUNTIES—*Roads—Power of Commissioners.* A board of county commissioners is not bound to acquire a permanent right of way for a road by condemnation, conveyance or prescription, but has authority to contract for the use of a strip of land for road purposes until such time as the permission or license for such use may be revoked.

*Error to the District Court of Chaffee County, Hon. James L. Cooper, Judge.*

Mr. G. K. HARTENSTEIN, for plaintiff in error.

Mr. WALLACE SCHOOLFIELD, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for an injunction to enjoin the county commissioners of Chaffee County from constructing a public road. The complaint contains two causes of action; the first alleging that defendant has wrongfully taken possession of a strip of plaintiff's land, and the second alleging, in substance, that the board has no jurisdiction to construct the proposed highway. Judgment was for defendant, and plaintiff brings the case here. As to the first cause of action, the controversy relates to the title to the strip of

land involved in this case. In 1879, one Benjamin D. Bray, who was then the owner of the land, conveyed by quit claim deed, the strip of land in question to The Pueblo and Arkansas Valley Railroad Company. The Denver & Rio Grande Railroad Company succeeded to the rights of the above named grantee.

The plaintiff claims title to the strip because the Railroad Company has abandoned it for right of way purposes. The question of plaintiff's title is material, for the reason that the board of county commissioners have not proceeded to locate or establish the proposed road under the highway statute or under the eminent domain act, and have secured no rights from plaintiff. The board obtained a license from the railroad company.

Plaintiff's contention as to his title must be overruled. The case of *Radetsky v. Jorgensen*, 70 Colo. 423, 202 Pac. 175, recently decided by this court, is decisive of the instant case, and it must be held that the railroad company, and not the plaintiff, has the fee title to the strip of land. In the instant case, as in the *Radetsky* case, the deed to the railroad company purported to, and did, convey "a strip of land one hundred feet wide," and not merely a right of way over a strip of land.

As to the second cause of action, the question is whether the board of county commissioners has "jurisdiction or authority to construct a public highway without acquiring * * * a permanent right of way by condemnation, conveyance or prescription." In the instant case, the board secured an agreement from the railroad company whereby the latter permits the county "to maintain and use a public wagon road upon and along" the strip of land in question, until such time as the license or permission may be revoked. The board has the right to make the contract that it did. Its power with reference to highways is not limited to establishing permanent highways by condemnation, conveyance or prescription. It may establish a highway in the manner it was done in the instant case. The board is

vested with reasonable discretion as to the modes and methods by which it may exercise the power conferred upon it by section 1204, R. S. 1908, with reference to laying out, altering, or discontinuing roads. The same section gives the board the power to "have the care * * * and the management of the business and concerns of the County, in all cases where no other provision is made by law." These statutory provisions are sufficient authority for the contract herein involved.

The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.