## No. 16,448.

PERCIFIELD *v.* ROSA ET AL.

(220 P. [2d] 546)

Decided July 1, 1950.

Mr. WALTER H. ANDERSON, for plaintiff in error.

Mr. Anthony F. Zarlengo, Messrs. Darrow-Mincer-Petre, for defendants in error.

*En Banc.* .

Mr. Justice Alter delivered the opinion of the court.

Raymond Percifield brought an action against Joe Rosa and Eva Rosa, and C. L. Taggert, public trustee of Rio Blanco county, for the purpose of obtaining a judicial construction of a certain deed and determining the amount of set-off allegedly due him by reason of a failure of consideration and for an injunction to prevent foreclosure. Trial was had to the court, and at its conclusion, judgment was entered in favor of defendants, to review which plaintiff has sued out a writ of error. The parties will be herein designated as plaintiff and defendants as they appeared in the trial court, or by name.

It is alleged in the complaint that on September 29, 1947, plaintiff and defendant Joe Rosa entered into a contract for the sale and purchase of certain described lands in Rangely, Rio Blanco county, Colorado. Thereafter and on October 1, 1947, Joe Rosa made, executed and delivered to plaintiff a warranty deed *"covering the same lands."* It is further alleged that plaintiff made, executed and delivered a deed of trust to the public trustee of Rio Blanco county for the purpose of securing the unpaid balance of the purchase price and that defendant Joe Rosa is seeking a foreclosure of said deed of trust through the public trustee. It is further alleged that under said deed Joe Rosa conveyed the property in fee simple, but that it now develops that he was not the owner of the oil and gas rights "in, on, to or under said real estate" which oil and gas rights are of the reasonable value of $40,000, and that the consideration for the conveyance of said property failed to the extent of said sum. Further it is alleged that Eva Rosa claimed

some right in and to the premises described in said deed and that she should be made a party defendant.

Attached to the complaint is Exhibit A, entitled "Earnest Money Contract," in which certain property is described, and in which provision is made for the payment of the purchase price by cash and note secured by deed of trust; also provision for possession, and a further provision that if plaintiff is not able to secure a license from the town of Rangely for the sale of liquor by the drink on or before September 30, 1947, the earnest money in the sum of $5,000 is to be returned, and the "Earnest Money Contract" is' to become null and void. There also is a provision in the contract with reference to a lis pendens of record against the property, and the title is to be transferred subject to said lis pendens.

Attached to the complaint is a statutory form of a warranty deed marked Exhibit B, which reads:

"Know All Men by These Presents, that Joe Rosa of the County of Rio Blanco, and State of Colorado, for the consideration of TEN (and other good and valuable consideration) Dollars, in hand paid, hereby sell and convey to Raymond Percifield of the County of Rio Blanco, and State of Colorado, the following real property, situate in the County of Rio Blanco and State of Colorado, to-wit: Lots numbered 8 and 9 and the easterly 2 feet of Lot numbered 10, Block 3, Coltharp's Sub-divided Lots in Rangely, Rio Blanco County, Colorado, a plat of which has been heretofore filed in the office of the County Clerk and Recorder of Rio Blanco on October 22, 1945, which said plat covers a portion of the N ½ SE ¼ of Section 2, Township 1 North, Range 102 West, of the 6th P. M. (I.R.S. in sum of $44.00 affixed to original Warranty Deed) with all its appurtenances, and warrant the title to the same, subject to one-third of the general and special taxes of the year 1947, payable in 1948 and oil and gas reservations and leases of record.

"Signed and delivered this 1st day of October, A.D. 1947.

In the presence of............................ Joe Rosa (Seal)"
(Duly acknowledged)

The complaint was filed July 25, 1949, and on the following day the court entered an order granting a temporary injunction in accordance with the prayer of the complaint, restraining defendant and said public trustee from proceeding with the foreclosure proceedings, provided the plaintiff should give an injunction bond in the sum of $5,000 with sufficient sureties, to be approved by the clerk of the court within two weeks from the date thereof. The writ of injunction was issued August 8, 1949.

Joe Rosa filed an answer and counterclaim. For a first defense he alleged, "That the complaint fails to state a claim against the defendants or any of them upon which relief can be granted."; for a second defense it is alleged that the description of the property in the "Earnest Money Contract" is "erroneous," and this because the scrivener failed to reserve and except therefrom the oil and gas rights; admits the execution of the deed as alleged by plaintiff; admits the execution of the promissory note secured by a deed of trust; admits that defendant Joe Rosa did not own the oil and gas rights in, on, to or under the real estate described in the "Earnest Money Contract" or deed; generally denies all other allegations of the complaint. The answer also contains a third and fourth defense which are unimportant in our consideration of the case and are, therefore, not summarized.

Defendant Joe Rosa, for a counterclaim, alleged that in the preparation of the "Earnest Money Contract" a mistake was made by the scrivener in that he omitted to except from the real estate therein described the rights to gas and oil lying in and under the same; that this occurred by reason of mutual mistake and did not

express the intention of the parties thereto; further that in the deed executed and delivered pursuant to the "Earnest Money Contract" and if the oil and gas rights are not excepted from the conveyance, he asks that the deed be reformed so as to accurately express the intention of the parties at the time the same was made, executed and delivered. Plaintiff filed an answer to the counterclaim alleging insufficiency of the facts and denies that the oil and gas rights were not included in said "Earnest Money Contract" as well as the said deed.

Briefly summarizing the evidence of plaintiff, we find that the property described in the deed is generally known as the Ace High Club, at which plaintiff first met defendant Joe Rosa. He signed the "Earnest Money Contract," the note and deed of trust, and received the deed conveying the property to him, agreeing to pay the sum of $70,000 therefor; that there is a balance of approximately $20,500 now due on the same. Plaintiff further testified that he had been a night club operator for approximately seven years, and at the time of the trial was the owner of one such club in Nevada. He also testified that he did not come to Rangely for the purpose of purchasing oil land, but that a night club was the only thing in which he was interested. Prior to discussing the purchase of the Ace High Club, he visited the premises before talking to Joe Rosa about its purchase, and made his own personal investigation, resulting in an offer of purchase, and at the time nothing was said about any oil rights. On September 29 plaintiff and Joe Rosa went to the office of Sid Pleasant, an attorney in Craig, Colorado, for the purpose of having their contract for the purchase of the Ace High Club prepared, and at that time Pleasant advised plaintiff that there was some litigation with respect to the land in question but that nothing was said about any oil rights. Mr. Anderson represented plaintiff in the preparation of the documents evidencing the transactions between himself and Joe Rosa, and plaintiff did

not desire to purchase the night club unless he could obtain a license to sell liquor by the drink; that upon his failure to obtain such a license, the earnest money was to be returned. Possession of the night club was to be delivered to plaintiff on September 30, 1947. Plaintiff retained Mr. Anderson to examine the title to the property, and the abstract was delivered to him for that purpose, but Mr. Anderson, after examining the abstract and approving the same, did not advise plaintiff that the deed contained a reservation of oil and gas rights and leases of record. Mr. Anderson's examination of the abstract was completed, and a report thereon made prior to the signing of the deed. Plaintiff read the deed, and the same was examined and approved by his attorney before it was delivered. Mr. Anderson examined the deed of trust which contained a provision that the property mentioned in the deed and likewise in the deed of trust was free and clear of all liens and encumbrances whatever "except oil and gas reservations and leases of record," and advised plaintiff to sign it. In December, 1948, plaintiff was in default in his monthly payments of $2,000 and interest, and during this period of time made no inquiry as to any royalties on the lands which he had purchased although there were oil wells drilled within a radius of 250 yards of the same, and made no inquiry whatever about the law suit of which he was advised by Mr. Pleasant. In December, 1948, plaintiff asked Rosa to make a reduction in the monthly payments, and this was done by supplemental agreement, reducing such payments to $1,500, and these reduced monthly payments were continued until May or June, 1949, when plaintiff ceased making any payments whatever. At the time of ceasing his monthly payments, and until the complaint herein was filed, nothing was said about oil and gas reservations.

Defendant Rosa and witness Sid Pleasant both testified positively that at the time the "Earnest Money

Contract" was drawn, plaintiff was definitely advised by Sid Pleasant that: the property described in these instruments was surface rights only; that the oil and gas rights thereunder were not included in the sale; and that this fact was known and recognized by plaintiff's counsel and mentioned by him at the time these instruments were being prepared.

The abstract shows the recorded plat embracing the property described in the deed and discloses the reservation of all oil, gas and other minerals underlying the same. All of the deeds and other instruments of record with reference to the property described in the deed contain like reservations.

Plaintiff called two witnesses to testify as to the value of the rights to oil and gas underlying the premises described in the deed, and, assuming that they were qualified as experts, they placed the value at from $8,000 to $15,000. One of the witnesses called for plaintiff was present part of the time while the "Earnest Money Contract" was being prepared and corroborated plaintiff in some respects.

At the conclusion of the evidence the court made findings of fact, there being competent evidence in the record to support them. It found that in September, 1947, Rosa was operating a night club in or near Rangely, Colorado, which plaintiff desired to purchase, and after agreeing upon the sale price therefor, said Rosa and plaintiff went to the offices of Sid Pleasant, an attorney in Craig, Colorado, to have the agreement for the purchase and sale prepared by him. Plaintiff was advised that the attorney had theretofore acted as attorney for Rosa, and the attorney then and there advised plaintiff that the defendant was the owner of the surface rights on the property upon which the night club was situate only, and that Rosa did not own any interest whatever in the rights to oil and gas underlying said premises. Rosa's attorney further advised plaintiff that he should select an attorney to represent him, and

thereupon plaintiff obtained the services of the attorney appearing here in his behalf. Rosa's attorney drew the "Earnest Money Contract" which was approved by plaintiff's attorney, and executed by plaintiff and Rosa. Rosa's attorney secured an abstract of title to the property here involved and delivered the same to plaintiff's attorney for examination, and the title was approved by the latter. Part of the abstract to which counsel agreed was introduced as an exhibit, and it discloses that Rosa did not own any rights to gas or oil underlying the premises in question, and the same were under recorded leases. Further the court found that at the time said deed was executed and delivered plaintiff, and his attorney knew that defendant Rosa did not own any rights in oil or gas underlying the property here involved, and that plaintiff and defendant acted at arms length in the transaction; that there was no confidential relationship between plaintiff and Rosa, and that each thereof was represented by competent and able counsel. Further the court found that neither at the time of the execution of the "Earnest Money Contract" nor the execution and delivery of the deed did plaintiff intend to purchase, nor defendant to sell, other than surface rights and the improvements thereon, and that the rights to oil and gas underlying the premises in question formed no part of the consideration for the sale; further the court found that the "Earnest Money Contract" was merged into the deed made, executed and delivered by defendant Rosa to plaintiff herein. The court further found that it was not necessary to reform said deed; that if reformation had been necessary the court would so order.

In the court's conclusion of law, it found that the "Earnest Money Contract" was merged into the warranty deed; that the deed conveyed the surface rights in the property here in question only; that rights in the underlying oil, gas and other minerals were expressly excepted therefrom; that no right, title or interest in the

same was acquired by plaintiff under said deed; and that if reformation of the deed was deemed necessary the court would, under the evidence, make a reformation. The plaintiff has suffered no damage; the injunction should be dissolved, and a motion for new trial deemed unnecessary.

There are three "Assignment of Error" which we shall treat as specifications:

(1) "The court erred in holding that the language, 'with all of its appurtenances, and warrant the title of the same, subject to one third of the general and special taxes of the year 1947 payable in 1948, and oil and gas reservations and leases of record' was broad enough to exempt from plaintiff's exhibit B [the deed] the oil and gas rights in, to, and under, the premises described in plaintiff's exhibit A [Earnest Money Contract] and B."

(2) "The court erred in permitting the witness, Pleasant, to testify that there was something omitted from plaintiff's exhibit A and in permitting the same witness to testify as to the reason of putting in after the warranty clause, it was subject to oil and gas reservations and leases of record, and in refusing to strike all of the evidence of the witness Pleasant, * * * and in allowing defendant to testify he never intended to sell any oil and gas rights."

(3) "The court erred in not holding that the plaintiff was entitled to off set the damages plaintiff had sustained by reason of the failure of title to the oil and gas as covered by plaintiff's exhibit A and B, or in other words in not holding that the plaintiff was entitled to off set against the balance of the purchase money the value of the oil and gas under the premises in question."

Counsel for plaintiff, in his brief herein, with reference to his "Assignment of Error," states: "It is probable that the whole question involved on this writ of error could be treated under point one, that the correct solution of the question presented to this Honor-

able Court depends upon ·the proper construction ·of, plaintiff's Exhibit B, together with plaintiff's Exhibit A." We are in agreement with this statement. The only question presented here for our determination is whether, under Exhibit B (the deed), plaintiff acquired title to the oil and gas underlying the lots in said instrument described, and we are not here concerned with plaintiff's Exhibit A because when the deed for which provision was made therein was executed and delivered, Exhibit A became merged in the deed,· and thereafter, under the pleadings and evidence here, except as it might shed some light on the intention of the. parties to the deed, could be wholly disregarded. *Enos v. Anderson,* 40 Colo. 395, 93 Pac. ·475; *Anderson v. Juanita Coal & Coke Co.,* 83 Colo. 562, 267 Pac. 400. By reference to the description contained in the deed (Exhibit B) hereinbefore set forth, it should be noted that the real estate therein described is embraced within the land described in ¯a recorded plat on file in the office of the county clerk and recorder, and by reference to the . abstract it is indisputably established ·that all oil and gas and other mineral rights ·are reserved from the platted portion of the subsection in the plat mentioned, and of this, plaintiff had notice. Further the abstract which was examined by plaintiff's attorney discloses leases and other conveyances and instruments pertaining ·particularly to oil and gas rights separate and apart from surface rights. It also is worthy of note that during the .two years in which plaintiff had possession of the premises, and at no time prior to the filing of the complaint herein, was defendant Rosa apprised of any contention ·on plaintiff's part to claim any rights to oil or gas underlying the premises. This contention or ·claim to rights to oil and gas arose when plaintiff found himself in financial straits resulting in his default in ̄the monthly payments.

If the. terms of the deed differed from the terms of the executory contract, the presumption is that the

latter was modified by mutual consent, and the acceptance of the deed, without objection thereto, and possession thereunder for about two years, tends strongly to strengthen that presumption. As we have said, the deed here made in full execution of the "Earnest Money Contract" merges the provisions of that contract therein, and this merger extends to, and includes, all prior negotiations and agreements of every kind and nature which led up to the execution of the deed.

██ ██ In this jurisdiction our decisions support the statement that a well-considered rule of construction must be one which will give force and effect to all of the provisions and terms of the deed which the parties intended at the time of its execution, and if a deed can be construed and interpreted so as to make all of its provisions operative and effective, that construction must be adopted. From our own decisions we find that the paramount purpose in construing a deed is to ascertain the intention of the parties, and this is to be gathered from a consideration of the deed itself, if possible, rather than from isolated clauses found therein. Harmonization of all its provisions is the real object; the deed is to be considered in its entirety with all language therein given force and effect if it can be done consistently, and when it can be done it should be construed as to give it effect rather than ineffectuality, and this applies equally to all the provisions of the deed.

There was no allegation of fraud or other wrongful conduct of Rosa in connection with the sale of the property to plaintiff herein; the record discloses that all of the documents pertaining to this real-estate transaction were considered and approved by plaintiff's counsel, and it appears from the record that the institution of this action by plaintiff was the first intimation that Rosa had that plaintiff was claiming any right or interest in the oil and gas underlying the premises conveyed.

178 

 It would unduly prolong this opinion to quote from many authorities in this and other jurisdictions, but the following decisions and texts support us in the conclusion that the trial court correctly held that under the terms of the deed in question and the evidence presented, plaintiff was entitled to surface rights only. *Trautman v. Kranz,* 63 Colo. 297, 165 Pac. 764; *Millage v. Churchill,* 69 Colo. 457, 195 Pac. 107; *Thomas v. Dunnean,* 75 Colo. 216, 225 Pac. 253; *Million v. Botefur,* 90 Colo. 343, 9 P. (2d) 284; *Haselwood v. Moore,* 100 Colo. 556, 69 P. (2d) 248; 16 Am. Jur., p. 533, §170; p. 534, §171; p. 535, §172; p. 536, §173; 26 C.J.S., p. 328, et seq., §84; 2 Devlin on Real Estate (3d ed.), p. 1536, §844 (a) et seq.; Restatement of the Law — Property, p. 1196, §242.

The judgment is affirmed.