No. 18,118.

NORTH STERLING IRRIGATION DISTRICT, ET AL. *v.*
JOHN KNIFTON, *et al.*
(320 P. [2d] 968)

Decided January 27, 1958.   Rehearing denied February 17, 1958.

Messrs. KREAGER & SUBLETT, for plaintiff in error North Sterling Irrigation District.

Mr. GEORGE A. EPPERSON, Mr. T. MURRAY ROBINSON, for plaintiffs in error Stafford Rogers and Lee A. Adams.

Messrs. LENNARTZ & ECKER, Mr. JESSE M. DAVIS, Mr. GORDON WATTS, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court defendants in error were plaintiffs and plaintiffs in error were defendants. We will refer to them by name, or as they appeared in the trial court; the North Sterling Irrigation District will be referred to as the "District."

Involved in this action is the interpretation of a "Right of Way Deed" executed in August 1909 by John DeSutto to the District covering a "strip of ground" in the East half of the East half of Section 22, Township 8 N. R. 53 W. Logan County, Colorado. The consideration for this deed was sixty dollars and it is admitted that the instrument was prepared and submitted by the District to

John DeSutto, the then owner of the land through which this "strip of ground" runs, for signature.

The amended complaint of John Knifton, Charles J. Knifton and Shell Oil Company alleged that the farmers and landowners of the semi-arid regions of northeastern Colorado were desirous of securing water for irrigation purposes; to meet this need the District was organized in 1907 under and by virtue of an act of the Colorado General Assembly "for the sole and only purpose of constructing, maintaining and operating an irrigation project and with powers to acquire by purchase or condemnation such rights and only such rights as were necessary for its irrigation business." It was further alleged that prior to the month of August 1909 the District had caused to be surveyed a proposed canal or ditch route of more than fifty miles in length for the transportation of water from the South Platte River to a proposed reservoir on Pawnee Creek, such "proposed ditch or canal being termed and designated as an 'Input Canal' and the proposed course as so surveyed was staked on the ground," and that the course of said "Input Canal" was across a portion of the lands owned by John DeSutto.

It was further alleged that John Knifton and Charles J. Knifton are possessed of a fee simple title to all of the surface and one-half of the oil, gas and other minerals in, on and under the East half of the East half of said Section 22, formerly owned by John DeSutto, subject to an easement over the strip of ground described in said Right of Way instrument; that Shell Oil Company is the present owner of a valid oil and gas lease dated May 7, 1947, executed by John Knifton and Charles J. Knifton covering the above described lands, together with an oil and gas lease executed by Lucia DeSutto, successor in interest to John DeSutto. It was further alleged that the District, "wrongfully representing itself as owner in fee simple of the strip of land described in the forementioned Right of Way instrument, on the

22nd day of April 1950 executed and delivered an oil and gas lease to Stafford Rogers, purporting to lease the oil and gas underlying such strip" and that Lee A. Adams claims an undivided one-third interest in said lease as assignee of Stafford Rogers.

Plaintiffs prayed that the oil and gas lease executed by the District in favor of Stafford Rogers be cancelled and that the assignment by Stafford Rogers in favor of Lee A. Adams be also cancelled and that the defendants be barred and enjoined from setting up or claiming any right, title or interest in the oil, gas and other minerals underlying the strip of land described in the Right of Way Deed.

Defendants placed in issue the allegations of the amended complaint and asserted a fee simple title to the strip mentioned in the Right of Way Deed, and prayed judgment accordingly.

Trial to the court resulted in a finding that the allegations of the complaint were true and decreed that John Knifton and Charles J. Knifton "are the owners in fee simple of all the surface and one-half of the oil, gas and other minerals" under the lands in question, "subject to an easement in favor of the North Sterling Irrigation District" over the 100-foot strip and subject further to an oil and gas lease in favor of Shell Oil Company. The trial court further decreed that the "purported oil and gas lease from the North Sterling Irrigation District in favor of Stafford Rogers and one-third assigned to Lee A. Adams is a nullity * * * and the same is hereby cancelled and held for naught." From this adverse judgment defendants bring the case here on writ of error.

The instrument in question was drawn by the District and is denominated a "Right of Way Deed." By its terms it conveyed to the District "the following described Real Estate lying, being and situate in Logan County, State of Colorado, to-wit: A strip of ground One hundred feet wide for the distance of nine hundred fifty feet, thence leaving the legal subdivision of land hereafter men-

tioned; then a strip of ground 100 feet wide for 900 feet as now surveyed located and staked out for the Inlet Canal of The North Sterling Irrigation District, over, across and upon the East ½ of the East ½ of Section 22 in Township No. 8 North, Range 53 West of the Sixth P.M. * * *. And in addition to the right of way described I hereby grant * * * the right of said The North Sterling Irrigation District to erect and maintain a snow fence for the term of four months, each and every year after the date of this instrument along the line of said canal as now located or surveyed on above described land; and I hereby waive and relinquish * * * all claims for and rights to recover damages that may result to the above mentioned E2 E2 of Section 22 in Township No. 8 North, Range 53 West of the Sixth P.M. or any portion thereof by, from or on account of the construction, operation or use of said canal * * *."

The sole question presented is whether this instrument conveyed the fee simple title or only an easement to the "strip of ground" described.

█ In *Percifield v. Rosa, et al.* 122 Colo. 167, 220 P. (2d) 546 it was held: "* * * the paramount purpose in construing a deed is to ascertain the intention of the parties, and this is to be gathered from a consideration of the deed itself, if possible, rather than from isolated clauses found therein."

██ It is apparent from the face of the deed that the parties did not intend to include "land," for the word "ground" is used. We have here a grant "over, across and upon" certain ground of the grantor's farm. The deed is upon a printed form obviously prepared for, and used by, the District in acquiring rights of way for its canals, and the language adopted shows definitely that the parties, certainly the grantee, intended something less than a fee simple title. By its wording the deed itself construes the grant as being a "Right of Way." Further the instrument provides that the District may erect snow fences "along the line of said canal." This in itself

is a clear indication of the understanding and intention of the parties, for if, as plaintiffs in error contend, the deed was intended to convey a fee simple title, then no reason appears for granting the right to erect snow fences, since such right is an attribute of the fee. Further, the clause whereby DeSutto waived and relinquished all claims for and rights to recover any damages that might results of the lands he owned "by, from or on account of the construction, operation or use of said canal" clearly indicates the understanding of the parties that the District acquired only an easement to be exercised in accordance with the avowed purpose of the District, to-wit: the transportation of water "over, across and through" the DeSutto land.

An examination of the entire instrument leads us to the conclusion that the parties intended to convey an easement only, and it for the limited purpose of constructing, operating and maintaining an irrigation canal.

The well-considered case of *Texas Co. v. O'Meara,* 377 Ill. 144, 36 N.E. 2d 256 is in point. We quote therefrom:

"* * * The description of the property which the parties intended to convey is the vital point in this litigation and in determining that point, as we have seen by the rules set forth above, *we must consider the circumstances and so far as possible place ourselves in the situation of the parties to the deeds which we are considering and construing.* We must consider the objects, which they wished to attain and the objects which they had in mind as shown by the deed, *as well as those which they did not have in mind and could not attain.* These things seem to us rather obvious. The parties knew that they wanted to dig *a drainage ditch* which they thought would be of benefit to both parties to the deeds and they knew that this ditch would require a *right-of-way.* They knew, or were presumed to know that at the time of the execution of these deeds *the drainage district could not lawfully engage in the business of drilling for oil and*

*it had no lawful authority other than to construct and maintain a ditch. They knew that the district had no lawful authority to acquire any more property than might be necessary for its corporate purpose nor to use any property which it might acquire for any other purpose.* Certainly, so far as the grantee was concerned, it cannot be presumed to have intended to acquire anything more than the law contemplated and permitted for the carrying out of its limited reason and excuse for existence. On the other hand, there is nothing in the deeds to indicate that the grantors had any intention of conveying anything more than that which the district required, needed for its corporate purpose and could lawfully receive without legal question as to its propriety and necessity. Neither of the parties knew that the land was underlaid with oil producing sand of immense value. Had the existence of such mineral wealth so much as been suspected the deeds would have been worded with such care, either on the one hand to make sure of its conveyance, or on the other to guard against any such possible construction."

■ This court in *Anderson v. Juanita Coal & Coke Co.*, 83 Colo. 562, 267 Pac. 400, has judicially noted that a canal company needed only an easement for canal purposes. We quote therefrom:

"* * * They had no use for the land except for a right of way. They were not organized for the purpose of acquiring land, and by the terms of the deed in question they were given a flexible easement, which served their purposes as fully as an absolute title to the land would have done."

In *Neville v. Louden Irrigating Canal & Reservoir Co.*, 78 Colo. 548, 242 Pac. 1002, it was held that adverse user of an irrigation ditch for the requisite period of limitation perfected an easement by prescription and not a fee title.

■ The legislative act under which the District was organized authorized the acquistion "By purchase

or condemnation of rights of way for ditches, canals, etc." by the District.

We think it manifest from this record that when the District presented to John DeSutto a printed form clearly labeled "Right of Way Deed" both parties were cognizant of the need for an easement only and that Mr. DeSutto and the District interpreted the instrument according to its label and the needs of the parties.

The case of *Chicago, R. I. & P. R. Co. v. Olson,* 222 Ark. 828, 262 S.W. 2nd 882, involved a deed conveying a strip of land but labeled a "Deed of Right of Way." There the Arkansas court said: "* * * The first factor in determining the intent of the parties lies in the title 'Deed of Right-Of-Way' of the deed in question. * * * Looking at the whole instrument involved herein, its title, the nominal consideration recited, the shape of the tract conveyed, and the recited purpose of its use, it seems apparent to us that it was the intention of the parties to convey an easement rather than a fee. The decree, so holding, is affirmed."

We do not deem it necessary to extend this opinion further by calling attention to the numerous cases in this and other jurisdictions sustaining our conclusion.

The trial court rightly held that the District, by this Right of Way Deed, asquired an easement only and not a fee title. Accordingly the judgment is affirmed.