**BATZER OIL COMPANY, a corporation,**
**Plaintiff,**

v.

**OHIO OIL COMPANY, a corporation,**
**Defendant.**

**Civ. No. 4320.**

United States District Court
D. Wyoming.
Nov. 10, 1960.

Jones & Fillerup, Cody, Wyo., and H. M. Schermerhorn, Denver, Colo., for plaintiff.

J. W. Gee and Harry A. Thompson, Casper, Wyo., for defendant.

KERR, District Judge.

This is a Carey Act case probing the title to the mineral estate in a right of way granted by the State of Wyoming to the Big Horn Basin Colonization Company in 1900. The matter is submitted to the Court on the stipulation of the parties, an agreed statement of facts and the exhibits. Both parties have filed motions for summary judgment.

Pursuant to the Act of Congress of August 18, 1894, the State of Wyoming on May 29, 1900 contracted with the Big Horn Basin Colonization Company, the predecessor to plaintiff's lessor, for the construction and operation of the Sidon Canal irrigation system. On June 23, 1904, the United States of America issued a patent to the State of Wyoming pursuant to the Carey Act, by which fee-simple title in the lands covered thereby was conveyed to the State. This fact is not disputed, nor is there any controversy over the fact that the patents issued by the State of Wyoming to the settlers also conveyed fee-simple title in the state lands so patented.

In 1920, the name of the Big Horn Basin Colonization Company was changed to Sidon Canal Company. The Sidon Irrigation District was organized under the Wyoming Laws of 1920 and succeeded to all the rights and interests of the Sidon Canal Company in 1929 and 1930. In 1959 the Sidon Irrigation District executed to plaintiff an oil and gas lease embracing the lands covered by its right of way. Plaintiff seeks to quiet title to this mineral estate, basing its claim therefor on the oil and gas lease which purported to convey "All those lands embraced in the main Sidon Canal right of way, together with its laterals as shown by the plat of said canal, the headgate of which is located SW¼ SW¼, Section 18, Township 55 North, Range 97 West, original survey". The right of way is a strip of land one hundred feet wide. In the stipulation filed herein plaintiff relinquished any claim of mineral interests in and under the laterals referred to in the lease.

The canal right of way traverses lands leased by defendant, an active producer of oil and gas in the area adjoining the said right of way. Challenging the validity of the oil and gas lease, defendant asserts that the lease is null and void on the ground that no mineral interest in the right of way was ever conveyed by the State of Wyoming to the Sidon Irrigation District or its predecessor, the Big Horn Basin Colonization Company.

The State of Wyoming could convey no greater right than it was authorized to grant under the provisions of the Act of Congress of August 18, 1894. 43 U.S. C.A. §§ 641–648, as amended. By the same token the Sidon Irrigation District as successor to the grantee from the State could lease no more to plaintiff than it received from the State. Under the Act of August 18, 1894, the State of Wyoming received (1) the authority "to make all necessary contracts to cause said lands to be reclaimed * * *", and (2) the power to dispose of the reclaimed lands "to actual settlers". Chapter 38 of the Session Laws of Wyoming of 1895 was harmonious with the Federal law and authorized the State Board of Land Commissioners to contract for the construction of irrigation works and to patent the land to settlers.

There is no contention before this Court that the Big Horn Basin Colonization Company or its successors were "actual settlers" entitled to receive a patent. Plaintiff's claim is not based on any rights derived from a patent. In the admitted facts before this Court the land for the right of way under which plaintiff claims its interest was acquired pursuant to Section 22, Chapter 38, Session Laws of Wyoming 1895. Such acquisition was not by the issuance of a patent, but rather by the filing of a map showing the location of the canals or other irrigation works. The 1895 law provides that "all lands filed upon shall be subject to the rights of way of such canals or irrigation works. Said right of way to embrace the entire width of the canal and such additional width as may be required for its proper *operation* and *maintenance*, the width of the right of way to be specified

in the contracts provided for in this Act". (Emphasis added.)

■ These congressional and legislative enactments are not sullied with ambiguity. They permit only the inescapable conclusion that fee title to the lands could be acquired only by patents; that only settlers were entitled to receive fee patents from the state; that canal and ditch construction companies could contract for and receive only rights of way for the purpose of reclaiming the arid lands and providing water to the settlers thereon. Plaintiff's lessor could not and did not receive fee title to the land embraced in the right of way which it acquired pursuant to the federal and state laws, or under the terms of the contract with the State of Wyoming. Valier Company v. State, 1950, 123 Mont. 329, 215 P.2d 966, certiorari denied 340 U.S. 827, 71 S.Ct. 63, 95 L.Ed. 607.

■ This conclusion is consistent with the terms of the contract of May 29, 1900 between the State of Wyoming and the Big Horn Basin Colonization Company through which plaintiff's claim emanates. The contract, made pursuant to the Act of August 18, 1894, and to Chapter 38, Session Laws of Wyoming 1895 (R.S. 1899, Ch. 15, Title 9), was expressly "for the construction of the Sidon Canal". In Section 5 of the contract the State of Wyoming granted to the construction company a "right of way across any lands belonging to the said State of Wyoming or that may be ceded to the State for the *construction* and *operation* of said Sidon Canal * * *". The Big Horn Basin Colonization Company contracted thereby to receive merely an easement or a right to use the surface solely for the purpose of constructing and operating the Sidon Canal. Such recited purpose does not contemplate the use and occupation of the lands thus acquired in the right of way for oil and gas operations. Title to the oil and gas underlying the land is not included in the right or easement acquired to construct and operate a canal. As has been held by the Wyoming Supreme Court, "The land itself is not sold or granted to the company constructing such

irrigation works * * *." State ex rel. Avenius v. Tidball, 1927, 35 Wyo. 496, 252 P. 499, 501. See also Lakeview Canal Co. v. Hardesty, 1924, 31 Wyo. 182, 187, 224 P. 853; Texas Company v. O'Meara, 1941, 377 Ill. 144, 36 N.E.2d 256; North Sterling Irrigation District v. Knifton, 1958, 137 Colo. 40, 320 P.2d 968.

In the case of Coulsen v. Aberdeen-Springfield Canal Co., 1929, 47 Idaho 619, 277 P. 542, 544, the Court said: "The use to which a right of way is devoted, or for which it is created, determines the character of title with which the holder is invested. * * * No greater title or right to possession passes under a general grant than reasonably necessary to enable the grantee to adequately and conveniently make the intended use of his way."

This language correctly expresses the rule applicable to a right of way created under the terms and conditions as the right of way for the Sidon Canal. The single purpose of the grant from the State was for the construction and operation of an irrigation canal, and the mineral estate thereunder was neither included or contemplated under the Act or the grant.

Counsel for the plaintiff ably argued and briefed the "limited fee" cases. In view of the authorities to which I have alluded, it is not necessary for me to distinguish these cases, and I am in accord with defendant's reasoning that decisions concerning right of way interests derived from other sources are not controlling over the facts in this particular Carey Act situation before this Court at this time.

I am not unmindful of the well-established rule that summary judgment should be granted only in exceptional cases which are palpably free from doubt as to the material issues of fact. The parties' agreed statement of facts leaves no genuine issue of material fact which would preclude me from granting a motion for summary judgment. I find that defendant is entitled to judgment as a

**370**

matter of law and defendant's motion for summary judgment is granted.

The facts herein stated and the conclusions of law herein expressed shall be considered the findings of fact and the conclusions of law. Defendant will submit summary judgment in accordance with this memorandum within ten days from this date and the clerk will enter an order accordingly.