### No. C-538

**Don Anderson and Lynn Keirnes v. Union Pacific Railroad Company, a corporation, Board of County Commissioners of Weld County, and The Department of Highways, State of Colorado**

(534 P.2d 1201)

Decided May 5, 1975.                    Rehearing denied May 27, 1975.

Houtchens, Houtchens & Dooley, Fuller and Evans, John M. Evans, Clyde A. Faatz, Jr., for petitioners.

Clayton D. Knowles, C. Barry Schaefer, Howard F. Coray, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The only question before us in this case is whether the petitioner, Don Anderson, or the respondent, the Union Pacific Railroad Company, is the owner of a tract of land located in Weld County, Colorado. The district court declared Anderson the fee owner and the Colorado Court of Appeals reversed. We granted a writ of certiorari, and for the reasons set forth herein, affirm the decision of the court of appeals.

The background and procedural posture of this case is adequately set forth in the court of appeals' opinion, 34 Colo. App. 37, 525 P.2d 478, and need not be detailed here. Basically, this action was initiated by the Department of Highways to condemn a parcel of land included in the general description of which was contained the parcel in question here. This parcel had been leased from the railroad by Anderson,[1] but this leasehold

---

[1] Anderson does not here claim any compensation in connection with the lease.

interest had expired prior to the judgment on the condemnation petition. Anderson, who was joined in the condemnation proceeding as the lessee of the property, filed an answer claiming ownership and sought compensation for his alleged fee interest. The railroad had entered into a fifty year lease agreement for the land in question with the highway department pursuant to its usual practice of making unused portions of its right of way available to the state for highway purposes and was originally not a party to the condemnation suit. Upon being notified that Anderson claimed title to this land, the railroad intervened to oppose Anderson's claim of ownership. The procedural questions involving the intervention and the railroad's standing to appeal have been adequately dealt with by the court of appeals, and are not before us on certiorari.

Thus we turn to the petitioner's main contention, that the court of appeals erroneously concluded that Anderson is not the fee owner of the land. The facts essential for an understanding of this case are, as set forth in the court of appeals' opinion, as follows:

"Each of the parties claim title to the parcel from a common grantor, the Denver Pacific Railroad. That railroad was granted a right-of-way for its tracks between Denver and Cheyenne under the Pacific Railroad Acts. Act of July 1, 1862, 12 Stat. 489; Act of July 2, 1964, 13 Stat. 356; Act of July 3, 1886, 14 Stat. 79; Act of March 3, 1969, 15 Stat. 324. The right-of-way was 400 feet wide extending 200 feet on either side of the centerline of the tracks. The parcel lies wholly within an area covered by the original right-of-way grant. The Union Pacific Railroad (the intervenor here) is the successor of the Denver Pacific and it is uncontested that it holds whatever interest the Denver Pacific held, less the interest, if any, conveyed to Anderson's predecessor in title, James Duff.

"The dispute centers around a deed given by the trustees of the Denver Pacific to Duff in 1880 pursuant to a contract for sale entered into in 1878. The deed conveyed to Duff a 'land grant' section traversed by the right-of-way. The granting clause of the deed contained the following language:

" 'Reserving to said Company, and its assigns, the right-of-way for said railway is now located on the premises, 400 feet in width, being 200 feet on each side from center of the track.'

"The result of this case depends on the extent of the interest retained by the Denver Pacific in the deed to Duff." 525 P.2d at 481 (footnotes omitted).

Anderson contends that the deed conveyed the entire section in fee simple to Duff, reserving only an easement for the railroad right-of-way. The Union Pacific asserts first that the trustee had no authority to convey any part of the railroad right-of-way; second, that the deed conveyed fee ownership to Duff in only that part of the section that lies outside of the right-of-way, and reserved the right-of-way in fee ownership for the railroad; third, that pursuant to federal law, as articulated in *Northern Pacific v. Townsend*, 190 U.S. 267, 23 S.Ct. 671, 47 L.Ed. 1044 (1903) the railroad had only a limited fee interest in the right-of-way and therefore could not have conveyed fee title to Duff; fourth, Anderson cannot claim ownership to the parcel of land lying within the right-of-way since this land was excepted in several of the deeds necessary to Anderson's chain of title.

The court of appeals decided in favor of the railroad on the ground that the railroad intended to retain for itself the full interest that it received in the right-of-way pursuant to Congressional grant, and did not intend to retain only an easement out of whatever interest had been granted. We agree.

The court of appeals' analysis, which we approve, and need not detail here, focused on its determination that the language in the deed evidenced an intent to create an exception from the grant of existing and established rights in the railroad, rather than the severance of a right of passage which did not have a prior independent existence. 525 P.2d at 482, 483.

In addition to the court of appeals' comprehensive analysis in support of this proposition, there is the further fact that the language in the clause in question — "reserving to said company . . . the right of way for said railway" — is strikingly similar to the language used in the federal statute which granted "the right of way . . . for the construction of said railroad . . ." 12 Stat. 489. As pointed out in *Northern Pacific v. Townsend, supra,* decided in 1903, this language vested in the railroad a "limited" *fee. See also Allard Cattle v. Colorado and Southern Ry. Co.,* 33 Colo. App. 39, 516 P.2d 123. It is apparent that by using the very language which vested a fee in it, the railroad

intended to except the fee to the property involved, as opposed to the reservation of an easement which Anderson now contends this language denotes.

In addition to reasons laid down in the court of appeals' opinion, we point out that the various deeds necessary to Anderson's chain of title reveal that his predecessors in interest did not themselves believe that they were the fee owners of the land. In several of the deeds in the chain of title, the various grantors conveyed the property "save and except a strip 200 feet wide on each side of the center of the Union Pacific Railway track, reserved for a right of way for the Union Pacific Railway Company . . ." Furthermore, in 1915, the Weld Land and Stock Company, one of Anderson's predecessors in interest, leased from the Union Pacific the external 150 feet of the right-of-way on each side of the track through section 25 for agricultural use. The lease "subject to all outstanding superior rights," indicates that this company, a predecessor in title to Anderson, did not believe it had fee title superior to any rights the railroad may have had in the land. Moreover, Anderson himself entered into a similar lease for the property in question here and paid rental for the same.

■ Anderson contends that the Norris Act of 1912, validating certain conveyances of Union Pacific's predecessor in title of portions of its right-of-way requires a recognition that title vested in him. We do not agree. In our view, the Norris Act is not applicable here, since, under our construction of the deed involved, the railroad conveyed no interest in any portion of the right-of-way to Anderson's predecessor.

Because we feel that the analysis and result reached by the court of appeals was correct, and is buttressed by the further observations made here, we need not discuss the other contentions made by the railroad.

The judgment of the court of appeals is affirmed.