**FARMERS RESERVOIR & IRRIGA-TION COMPANY, a Colorado corporation, Plaintiff-Appellant,**

and

**Bob D. Hill, Paul V. Hoovler, and Marcus A. Degenhart, Plaintiffs and Third-Party Defendants,**

v.

**SUN PRODUCTION COMPANY (Delaware), Defendant and Third-Party Plaintiff,**

v.

**AMOCO PRODUCTION CO. and Cannon Farming Company, Third-Party Defendants-Appellees,**

and

**James Pullos; John Q. Moses; Paul M. Mershon, Jr.; John H. Hill; Farmers Reservoir and Irrigation Company, a Colorado corporation; J.P. Field; Alvin C. Johnson, Trustee; Ernest P. Heinz; Albert Roy Moser; Cecile Fern Moser; Wesley E. Moser; Wes Moser & Son, Inc.; Union Pacific Land Resources Corp.; Beaver Mesa Exploration Co.; and all unknown persons who may claim any interest in the subject matter of this action, Third-Party Defendants.**

No. 84CA1379.

Colorado Court of Appeals, Division II.

Feb. 6, 1986.

Rehearing Denied March 13, 1986.

Certiorari Denied July 7, 1986.

Akolt, Dick, & Akolt, John P. Akolt, III, Denver, for plaintiff-appellant.

Gorsuch, Kirgis, Campbell, Walker & Grover, P.C., Wiley Y. Daniel, Mary L. Murphy, Denver, for third-party defendant-appellee Amoco Production Co.

Bosworth & Slivka, P.C., Juli E. Lapin, Arthur H. Bosworth, II, Denver, for third-party defendant-appellee Cannon Farming Co.

BABCOCK, Judge.

In this action for declaratory judgment, the issue is whether two deeds to Farmers Reservoir & Irrigation Company (FRICO) conveyed easements or fee simple interests in land traversed by FRICO's ditches. The parties presented the case to the trial court on briefs supplemented by copies of the deeds and copies of FRICO's articles of incorporation, and amendments thereto. The trial court ruled that the deeds conveyed rights-of-way only. FRICO appeals and we reverse.

FRICO claims that it acquired fee simple interests in two strips of land by warranty deed from William B. Bowman (Bowman Deed) dated November 20, 1911, and executed on November 20, 1913, and by warranty deed from A.L. Jessup (Jessup Deed) dated October 31, 1918. Both are form deeds which contain the following preprinted language:

"This deed ... between ... party of the first part, and ... party of the second part;

"WITNESSETH, that the said party of the first part, for and in consideration of the sum of ... to the said party of the first part in hand paid by said party of the second part ... has granted, bargained, sold and conveyed, and ... does grant, bargain, sell, convey and confirm unto the said party of the second part, its successors and assigns forever, all the following described lot, or parcel of land, situate ... in the county of Weld and state of Colorado to wit: ...

"TOGETHER with all and singular the hereditaments and appurtenants thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and all of the estate, right, title, interest, claim and demand whatsoever, of the said party of the first part, either in law or in equity, of, in and

to the above bargained premises, with the hereditaments and appurtenances.

"TO HAVE AND TO HOLD the said premises above bargained and described, with the appurtenances ... forever."

There follows in each deed a warranty of title to which there are no exceptions.

Both deeds contain the following language relevant to the premises conveyed:

"A strip of land through, upon, over and across ... containing ... acres more or less.

"Together with the right of ingress and egress along, upon, over, to and from said land above described, for the purpose of cleaning, repairing, operating and maintaining said canal as now constructed, to be constructed or as it may be hereinafter enlarged.

"In case of deviation from the above described center line, the land hereby conveyed shall be the land on each side of the center line of the BEEBE CANAL as actually constructed to the width above specified."

The Bowman Deed continues:

"Of the amount stated as consideration for this deed [$422], Two Hundred and 00/100 Dollars ($200.00) is in full compensation for all damages to the residue of the first party's land caused by the construction, operation or maintenance of the BEEBE CANAL upon the land hereby conveyed."

The language of the Jessup Deed relative to this subject is that:

"The consideration herein stated [$256.85] is in full compensation for all damages which it would be proper to consider and to assess in any award and verdict in a proceeding under the statutes of the state of Colorado to condemn said strip of land for ditch purposes."

Construction of a deed is a matter of law and the paramount purpose in construing a deed is to ascertain the intention of the parties from the instrument as a whole. *Percifield v. Rosa*, 122 Colo. 167, 220 P.2d 546 (1950). If language creating an interest in real property is ambiguous, it

is to be construed in favor of the grantee. *Clevenger v. Continental Oil Co.,* 149 Colo. 417, 369 P.2d 550 (1962); *Kanarado Mining & Development Co. v. Sutton,* 36 Colo.App. 375, 539 P.2d 1325 (1975). Every estate in land which is granted or conveyed to another is rebuttably presumed to be a fee simple estate if a lesser estate is not specified by express words. *See* §§ 38–30–107 and 38–30–113(1)(c), C.R.S. (1982 Repl. Vol. 16A); *Board of County Commissioners v. Morris,* 147 Colo. 1, 362 P.2d 202 (1961).

In this case, there are factors common to both deeds which support conflicting conclusions as to the nature of the interest intended to be conveyed. Thus, we conclude that the deeds in question are ambiguous.

 Although reference to the described premises as a "strip of land" indicates conveyance of an interest in fee, *see Switzer v. Board of County Commissioners,* 70 Colo. 563, 203 P. 680 (1922); *Radetsky v. Jorgensen,* 70 Colo. 423, 202 P. 175 (1921), the language "upon, over and across" indicates the conveyance of a right-of-way. *See North Sterling Irrigation District v. Knifton,* 137 Colo. 40, 320 P.2d 968 (1958); *Board of County Commissioners v. Morris, supra.*

The ingress and egress clause purports to grant a right-of-way over land appurtenant to the described premises as well as over the described land itself. The grant of "the right of ingress and egress along, upon, over ... said land ... for the purpose of cleaning, repairing, operating and maintaining said ditch...." indicates the conveyance of a right-of-way. *See Board of County Commissioners v. Morris, supra.* On the other hand, the language "the right of ingress and egress ... to and from said land...." gives rise to a contrary conclusion. And, the stated purpose in the Bowman Deed that the conveyance was "to construct a ditch" could also reflect conveyance of a lesser estate than a fee. *See Board of County Commissioners v. Morris, supra.*

The consideration in the Jessup Deed is stated to be full compensation for all damages which may be awarded in a condemnation action. In a condemnation action, FRICO could have acquired only a "right-of-way." *See* Colo.Rev.Stat.1908, § 3168, now § 37–86–103, C.R.S. This would support an inference that a right-of-way was all that was intended by the parties to pass by the deed. A similar inference may be drawn from the language in the Bowman Deed that part of the consideration was given as compensation for "damages to the residue."

However, other factors common to both deeds, as a matter of law, indicate conveyance of a fee simple interest. Designation of the instruments as "warranty deeds" evidences conveyance of a fee simple interest. *See North Sterling Irrigation District v. Knifton, supra.* Moreover, although the deeds in this case include the language "upon, over and across" that language is coupled with the word "land," *see Radetsky v. Jorgensen, supra,* (conveyance of a fee simple interest) rather than the word "ground," coupled with the terms "right-of-way." *See North Sterling Irrigation District v. Knifton, supra* (conveyance of a right-of-way). Nowhere in the deeds in this case, are the terms "ground" or "right-of-way" employed.

Furthermore, the fact that only an easement may be acquired by the exercise of the power of eminent domain does not preclude the acquisition of an estate in fee simple by purchase from the owner. *See Radetsky v. Jorgensen, supra.* Finally, conveyance to FRICO "its successors and assigns forever," a conveyance in perpetuity, indicates conveyance of a fee simple interest. *See Clevenger v. Continental Oil Co., supra.*

In ruling that the deeds conveyed rights-of-way only, the trial court concluded that the legal descriptions were indefinite and that FRICO's articles of incorporation authorized only acquisition of rights-of-way in real property. We disagree and conclude that the legal description in each deed is sufficiently definite to warrant the conclu-

sion that a fee simple interest rather than a right-of-way was conveyed.

Finally, our reading as a whole of FRICO's articles of incorporation, together with amendments thereto, leads us to conclude that they specifically authorize acquisition and ownership of fee simple interests in realty. However, even if we assume a prohibition in FRICO's articles against such ownership, § 7–3–105, C.R.S., provides that, except in certain circumstances none of which are pertinent here, the validity of any corporate act, including the conveyance or transfer of real property may not be challenged on the ground that the corporation lacks or lacked power to so act.

Construing these deeds as a whole, *see Percifield v. Rosa, supra,* resolving the ambiguities in favor of FRICO as grantee, *see Clevenger v. Continental Oil Co., supra,* and noting no express words of limitation as to the estates conveyed, *see* § 38–30–107, C.R.S. (1982 Repl.Vol. 16A), we conclude that there has been a failure to overcome the presumption that FRICO acquired fee simple interests in the premises. We hold, therefore, that the trial court erred in its determination that FRICO is not seized of a fee simple interest in the property described by the Bowman and Jessup Deeds.

Accordingly, the judgment of the trial court is reversed and the cause is remanded with directions to enter judgment declaring that FRICO is the owner of fee simple interests in the premises conveyed by the Bowman and Jessup Deeds.

SMITH and STERNBERG, JJ., concur.