**LINCOLN SAVINGS AND LOAN ASSO- CIATION, a California state-chartered savings and loan association, Plaintiff– Appellant,**

v.

**The STATE of Colorado, Defendant–Appellee.**

No. 87CA0127.

Colorado Court of Appeals, Div. V.

Aug. 4, 1988.

Rehearing Denied Sept. 1, 1988.

Certiorari Denied Feb. 13, 1989.

Calkins, Kramer, Grimshaw & Harring, Wayne B. Schroeder, P.C., Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Martha E. Rudolph, Asst. Atty. Gen., Denver, for defendant-appellee.

FISCHBACH, Judge.

This is an appeal from a summary judgment declaring the State of Colorado the owner in fee of certain land claimed by plaintiff, Lincoln Savings & Loan Association. We affirm.

The judgment was entered based upon stipulated facts and documentary evidence. Accordingly, we are obligated to make an independent judgment on the merits. *Board of County Commissioners v. Anderson*, 34 Colo.App. 37, 525 P.2d 478 (1974), *aff'd sub nom.*, *Anderson v. Union Pacific R.R. Co.*, 188 Colo. 337, 534 P.2d 1201 (1975).

Each of the parties claims title to a parcel of some 3.4 acres, denominated Right-of-Way No. 540, originally granted by the State to the Denver and Santa Fe Railway Company (Railway) on August 20, 1888. This original instrument of conveyance, in relevant part, provides:

"DEED FOR RIGHT OF WAY

"This indenture ... between the State of Colorado ... and the Denver and Santa Fe Railway Company....

"WHEREAS, the [Railway] has made application to the State Board of Land Commissioners ... for the Right-of-Way through the School lands, hereinafter described, to be used by [the Railway] as right-of-way for the construction and operation of the Railroad of the [Railway];

"AND WHEREAS, the said Board of Land Commissioners has granted such right-of-way for the purpose aforesaid ...;

"AND WHEREAS, the ... Governor, and the ... Register of the State Board of Land Commissioners are authorized, in such case upon the granting of such Right-of-Way, to execute and deliver ... proper deeds conveying such right-of-way when so granted;

"NOW, THEREFORE ... the [State] ... has granted, remised, released and conveyed, and by these presents does grant ... the [Railway] the Right-of-Way over, through and upon the following described pieces and tracts of land ... to wit:

[Right-of-Way 540, by legal description]

"Said above-described premises to be used by the [Railway] only for the purpose of constructing and operating its said line of railway....

"To Have and to Hold the said premises for the purposes only aforesaid together with all and singular, the appurtenances and privileges thereunto belonging or in any wise thereunto appertaining and all the state, right, title, interest and claim whatsoever of the [State], either in law or equity, to the only proper use, benefit and behoof of the [Railway], its successors or assigns forever, for the purpose only aforesaid."

On February 11, 1918, the State granted John Pring, by patent 3377, certain property in section 36 "less One and 96/100 (1.96) acres deducted for Right-of-Way No. 540, and containing thirty-eight and 4/100 (38.-04) acres more or less ... [s]ubject to any and all easements or rights-of-way heretofore legally obtained and now in full force and effect...." By patent 3598, dated April 23, 1919, the State conveyed to R.E. Walker another part of section 36 "less One and 44/100 (1.44) acres, contained in Right-of-Way No. 540, and containing seventy-eight and 56/100 (78.56) acres, more or less ... [s]ubject to any and all easements or rights-of-way heretofore legally obtained and now in full force and effect...."

The patented lands were eventually acquired by Lincoln. Right-of-Way 540 was at some time assigned to the Atchison, Topeka & Santa Fe Railway Company, which appeared in the present action and disclaimed any interest it may have in the parcel, and the trial court found Right-of-Way 540 had been abandoned. The parties have, for the purposes of their argument,

impliedly agreed that any interest of the successors to the original grantee was extinguished upon such abandonment.

## I.

Lincoln contends that, by the 1888 document, the State conveyed Right-of-Way 540 to the railroad in fee, either simple or determinable, and that upon abandonment, the fee reverted to it as the present owner of the abutting lands. Lincoln alternatively argues that if Right-of-Way 540 is determined to be an easement, as the trial court decided, then upon abandonment the easement was extinguished, the land discharged of the burden, and thereupon any possessory interest reverted to it as the remote successor of the State. We reject these contentions.

Documents of title purporting to convey a strip, piece, parcel, or tract of land which do not contain additional language describing or otherwise referring to the land in terms of the use or purpose for which it is to be put, or in other ways limiting the estate, are generally construed as passing a fee estate. *See, e.g., Radetsky v. Jorgensen,* 70 Colo. 423, 202 P. 175 (1921). Conversely, deeds which in the granting clause convey a right-of-way over, across, or upon certain lands devolve a right only, and are generally construed as creating an easement. *See Board of County Commissioners v. Morris,* 147 Colo. 1, 362 P.2d 202 (1961); *Farmers Reservoir & Irrigation Company v. Sun Production Company,* 721 P.2d 1198 (Colo. App.1986).

The instrument at issue here is captioned "Deed for Right-of-Way," and the granting clause purports to convey "the Right-of-Way over, through, and upon the following pieces and tracts of land...." The habendum clause further provides that the grant shall benefit the railroad "for the purpose only aforesaid." From the import of this language, and an examination of the entire instrument, we conclude that the document conveys an easement only, for the limited purpose of railway transport and traffic. Numerous authorities considering similar language have reached the same result. *See North Sterling Irrigation District v. Knifton,* 137 Colo. 40, 320 P.2d 968 (1958); *Branch v. Central Trust Co.,* 320 Ill. 432, 151 N.E. 284 (1926); *University City v. Chicago, R.I. & P.Ry. Co.,* 347 Mo. 814, 149 S.W.2d 321 (1941); *Reichenbach v. Washington Short Line R.R. Co.,* 10 Wash. 357, 38 P. 1126 (1894). *See also* Annot., 89 A.L.R.3d 767 (1979).

## II.

The dispositive issue thus becomes the effect of patents 3377 and 3598, since if the State conveyed the land burdened by Right-of-Way 540, then upon extinguishment of the easement, Lincoln succeeds to the unencumbered fee interest. The State argues that the patents reserved to itself and excluded from the transfers the title to the acreages underlying Right-of-Way 540. We agree with the State.

A reservation occurs where the granting clause of the deed conveys the totality of the land described but reserves some one or more of the rights which would comprise a fee simple absolute. The interest conveyed is thus something less than a complete fee. An exception, on the other hand, totally excludes a specific portion of the property from the grant and applies where the grantor intends to retain the entire interest in a portion of the estate. In the case of an exception, there is no creation of a new, lesser than fee estate or interest. *Board of County Commissioners v. Anderson, supra.*

An examination of the language used in the patents leads us to the conclusion that the State retained the fee interest in the acreage underlying the easement. The language does not purport to reserve only the easement previously granted, but specifically provides that the grant shall be "less" the area upon which the easement was located. Similar language has elsewhere also been construed as an exception. *See Day v. Pounders,* 231 Miss. 63, 94 So.2d 620 (1957).

This conclusion is supported by the fact that Mills Annot. Statutes § 3652 (1891), which permitted the grant of railroad rights-of-way, was amended in 1905 (prior

to the dates of the patents) by the addition of the following language:

> And, provided, further, That whenever lands granted for any of the purposes mentioned in this section shall cease to be used for such purposes, said lands shall revert to the state....

Colo. Sess. Laws 1905, § 35 at 332. Construing the patents as grants of fee interests would ignore the mandatory language of the amendment and imply that the State conveyed interests it had no authority to convey. Thus, while the 1888 grant conveyed only an easement, the patents reserved to the State the underlying fee.

The judgment quieting title in the State, as between these parties, is affirmed.

VAN CISE and PLANK, JJ., concur.