In re Gary L. SMITH, also known as Gary L. Smith, D.D.S., P.C., doing business as Aurora Family Dental Center and formerly doing business as Chambers Professional Center, individually and as officer, director and shareholder of Gary L. Smith, D.D.S., P.C., d/b/a Aurora Family Dental Center and f/d/b/a Chambers Professional Center, Debtor.

Gary L. SMITH, Plaintiff–Appellant,

v.

Marie V. WALKER, Defendant–Appellee.

No. 95SA346.

Supreme Court of Colorado,
En Banc.

Sept. 23, 1996.

---

**156**

John W. Sabo, III, Colorado Springs, for Assignee North West Life Assurance Company of Canada.

Steven L. Shropshire, Denver, F. Kelly Smith, Wheat Ridge, for Debtor/Appellant Gary L. Smith.

Bucholtz & Bull, P.C., James C. Bull, Denver, for Defendant–Appellee Marie V. Walker.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Jennifer L. Gimbel, Deputy Attorney General, Wendy C. Weiss, First Assistant Attorney General, Peter A. Fahmy, Assistant Attorney General, Natural Resources Section, Denver, for Amicus Curiae Colorado Attorney General.

Duncan, Ostrander & Dingess, P.C., John M. Dingess, Denver, Anderson, Dude, Pifher & Lebel, P.C., Mark T. Pifher, Colorado Springs, for Amici Curiae City of Aurora and City of Colorado Springs.

Justice KOURLIS delivered the Opinion of the Court.

Pursuant to C.A.R. 21.1, this court has agreed to answer the following question certified to it by the United States Court of Appeals for the Tenth Circuit:

> Whether the water rights that are the subject of this appeal were derived from Gary L. Smith's purchase of the overlying property from Marie V. Walker and appurtenant to Mr. Smith's ownership of the property, in light of the applicable case law and Colorado's statutory scheme governing the appropriation and use of nontributary ground water not attributed to a designated ground water basin?

This question has been certified in connection with Gary L. Smith's pending appeal of a United States District Court ruling regarding a declaratory judgment action filed by Smith in Federal Bankruptcy Court. The district court affirmed the bankruptcy court's ruling that Walker's foreclosure on a deed of trust encumbering a piece of property that Smith purchased from Walker deprived

Smith of his rights to the nontributary ground water underlying the land. We answer the question presented by the Tenth Circuit by holding that Smith's right to extract nontributary ground water was derived from his purchase of the overlying land from Walker and thus subject to encumbrance by the deed of trust.[1]

## I.

The following undisputed facts are relevant to this certification proceeding and are derived from the parties' submissions to this court.

On July 13, 1982, Dr. Gary L. Smith purchased a piece of land from Marie V. Walker. As part of the transaction, Smith executed a promissory note for $700,000 plus interest payable to Walker. Smith secured the promissory note with a deed of trust encumbering the property. In addition to the property, the deed of trust specifically encumbered "[a]ny and all water or water rights, ditch or ditch rights, reservoir or reservoir rights and storage rights."

At the time of the land transfer, Walker had neither applied for a well permit nor adjudicated any nontributary ground water rights.[2] After the transfer, Smith applied for a water court decree on the nontributary ground water underlying the land. On July, 26, 1989, the district court for water division 1 issued a decree for certain nontributary ground water underneath the property.

In 1992, Smith filed Chapter 11 bankruptcy proceedings. As part of these proceedings, Smith transferred his nontributary water rights to North West, one of his unsecured creditors.[3] After this transfer, Walker sought leave from the bankruptcy

court to foreclose the previously described deed of trust.

In response, Smith filed a declaratory judgment action in bankruptcy court seeking a determination that the deed of trust did not encumber any nontributary ground water rights at issue here. The bankruptcy court held a trial and concluded that the deed of trust did encumber Smith's interest in the nontributary ground water. Smith appealed this ruling to the United States District Court. The district court affirmed the bankruptcy court's ruling that the deed of trust encumbered the water rights. Smith appealed this decision to the Tenth Circuit Court of Appeals, who in turn certified the question presently before us.

## II.

Whether the water rights that are the subject of this appeal were derived from Gary L. Smith's purchase of the overlying property from Marie V. Walker and appurtenant to Mr. Smith's ownership of the property, in light of the applicable case law and Colorado's statutory scheme governing the appropriation and use of nontributary ground water not attributed to a designated ground water basin?

## A.

Smith argues that the nontributary ground water rights at issue in this case were not derived from Walker's transfer of the land to him. Smith claims that at the time Walker transferred the land to him, an individual could only obtain a right to nontributary ground water by applying for a well permit. Because Walker had not applied for a well

---

1. Our conclusion that the right to extract nontributary ground water derives from overlying land ownership and is transferred in a deed or deed of trust absent specific exception answers the certified question. The term "appurtenant" is neither helpful to our analysis nor seminal to our conclusion.

2. When Walker owned the land, the statutory scheme governing nontributary water rights did not provide for water court adjudication of those rights. In 1985, the legislature amended § 37–92–302(2), 15 C.R.S (1982), to allow individuals to apply to the water court for a nontributary

ground water decree. See ch. 285, sec. 7, § 37–92–302, 1985 Colo. Sess. Laws 1155, 1167; § 37–92–302(2), 15 C.R.S. (1995 Supp.).

3. Smith and North West entered into a stipulation and settlement in which Smith agreed to transfer the nontributary water rights at issue in this case to North West. Under the stipulation, North West agreed to liquidate the nontributary water rights and divide the proceeds pro rata amongst all of Smith's unsecured creditors. North West is now the party in interest for the nontributary ground water rights.

permit, Smith argues that at the time of the land sale, Walker had no water rights to transfer or encumber. We disagree.

To resolve the certified question, we begin with a discussion of the relationship between the ownership of land and rights to nontributary ground water. In our decision in *Bayou Land Co. v. Talley*, 924 P.2d 136 (Colo.1996), we held that a landowner has an inchoate right in the nontributary ground water underneath his or her land, best identified as a right to extract that ground water. This right derives from the statutory scheme governing nontributary ground water, codified at section 37–90–137(4), 15 C.R.S. (1995 Supp.), and exists by virtue of land ownership.[4]

We rejected the petitioner's argument in *Bayou Land Co.*, which was similar to Smith's argument here, that an individual may only gain a right to nontributary ground water through adjudication of that right by the water court or by issuance of a well permit by the state engineer. We stated: "Because this right is incident to ownership of land, it is not dependent upon formal adjudication by a water court." 924 P.2d at 149. We held that the legislature has created a right to extract nontributary ground water as incident to the right of ownership of land. *Id.*

We considered that right to be inchoate because it does not vest until the landowner or an individual with the landowner's consent constructs a well in accordance with a permit from the state engineer and/or applies for and receives water court adjudication. *Id.* at 149. Until that time, the legislature through statute may modify or terminate the right. *Id.*

■ We now apply these principles of nontributary ground water law to determine whether Smith derived his right to extract the nontributary ground water in this case from his purchase of the overlying property from Walker. At the time Walker transferred the property to Smith, by virtue of her ownership of the property, Walker had a right to extract the nontributary ground water underlying this property. To the extent that Walker transferred this right with the land, Smith derived his right to extract the nontributary ground water at issue from his purchase of the land.[5]

### B.

■ The certified question suggests that in order to hold that Smith's right to extract nontributary ground water was derived from his purchase of the land, we must hold that this right necessarily passes with the land. We reject such a contention.

■ In *Bayou Land Co.*, we considered whether a transfer of land automatically included a transfer of the inchoate right to extract nontributary ground water. In resolving this question, we announced the following rule:

> We conclude that because the right to withdraw nontributary ground water is integrally associated with and incident to ownership of land, such right is presumed to pass with the land either in a deed or a deed of trust unless explicitly excepted from the conveyance instrument. A party claiming that the right to withdraw nontributary ground water was not transferred with the land must prove that the grantor affirmatively did not intend to transfer such right.

924 P.2d at 150. Thus, we held that a transfer of land is presumed to include a transfer of the right to extract underlying nontribu-

---

4. Walker transferred the property at issue in this case in 1982. We recognize that § 37–90–137(4) has been amended since that time. However, in *Bayou Land Co.* we made clear that the legislature created the statutory right to extract nontributary ground water with its enactment of Senate Bill 213 (1973). At 147–48; *see* ch. 441, sec. 1, § 148–18–36, 1973 Colo. Sess. Laws 1520; § 37–90–137(4), 15 C.R.S. (1973). Subsequent amendments served only to clarify this property right, not to create it. Thus, Walker had a prop-

erty right in extraction of nontributary ground water underneath her land in 1982.

5. It is somewhat misleading to use the term "derived from the purchase" of the land. In reality, Smith derives his right to extract the nontributary ground water from his actual ownership of the land, as long as a previous owner has not severed the nontributary ground water rights from the underlying land through sale or other transfer.

tary ground water unless such right is explicitly excepted from the conveyance instrument. An individual claiming that the right to extract nontributary ground water was not transferred with the land has the burden of proof as to this fact.

This rule best effectuates the structure of the statutory scheme governing the right to extract nontributary ground water as well as the general practice of parties transferring such rights. 924 P.2d at 151. Without explicit reservation, the party retaining the right to extract nontributary water would have difficulty gaining the consent of the new land owner when applying for a well permit as required by section 37–90–137(4) or gaining access to the land for purposes of constructing a well. 924 P.2d at 151.

 Although we held in *Bayou Land Co.* that the right to extract nontributary ground water is presumed to pass with the land unless explicitly excepted from the conveyance instrument, we did not hold that such right cannot be transferred separately from the overlying land. In fact, we reiterated the longstanding rule in Colorado that "a water right is a property right separate and apart from the land on which it is used." 924 P.2d at 150; *see also Nielson v. Newmyer,* 123 Colo. 189, 192–93, 228 P.2d 456, 458 (1951). We rejected the contention that such right cannot be severed from the land as inconsistent with section 37–90–137, which specifically allows a landowner to transfer the right to extract the nontributary ground water underlying his or her land apart from the land itself by consenting to another's application for a well permit. 924 P.2d at 150 n. 22. The question of whether the right to extract nontributary ground water is transferred with the land depends on the intention of the parties, the circumstances surrounding the transfer, and whether such a right is incident to or necessary for the beneficial enjoyment of the land. *See Kinoshita v. North Denver Bank,* 181 Colo. 183, 188, 508 P.2d 1264, 1267 (1973); *Bessemer Irrigating Ditch Co. v. Woolley,* 32 Colo. 437, 442, 76 P. 1053, 1054 (1904). In *Bayou Land Co.,* we recognized a presumption that the right passes with the

land absent specific reservation. 924 P.2d at 150.

 Applying that presumption in this case is straightforward because the deed of trust encumbering the property specifically included water rights. As such, we presume that Walker transferred the right to extract nontributary ground water to Smith in conjunction with the land transfer. In addition, Walker encumbered those rights in the deed of trust. Therefore, we conclude that Smith derived his right to extract the nontributary ground water underneath his land from the land purchase and accordingly answer the certified question in the affirmative.

HOBBS, J., does not participate.