107 F.3d 21
 Bankr. L. Rep. P 77,281, 97 CJ C.A.R. 280
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Gary L. SMITH, also known as Gary L. Smith, D.D.S.,
P.C., doing business as Aurora Family Dental Center and
formerly doing business as Chambers Professional Center,
individually and as officer, director and shareholder of
Gary L. Smith, D.D.S., P.C., d/b/a Aurora Family Dental
Center and f/d/b/a Chambers Professional Center, Debtor,
Gary L. SMITH, Plaintiff-Appellant
v.
Marie V. WALKER, Defendant-Appellee.
 No. 94-1472.
 United States Court of Appeals, Tenth Circuit.
 Feb. 19, 1997.
 
 Before PORFILIO, EBEL, and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Gary L. Smith appeals from a district court order affirming a bankruptcy court ruling that any rights he may have had to use ground water underlying a certain piece of real property were lost in foreclosure on the deed of trust for that property. Our jurisdiction over this appeal arises from 28 U.S.C. §§ 158(d) and 1291.
 
 
 4
 The following facts are undisputed. In 1982, Smith purchased certain real property from defendant-appellee Marie V. Walker. The warranty deed conveying the property was clear in conveying also "all water and water rights, ditch and ditch rights, reservoirs and reservoir rights." Appellant's Addendum, tab 1, at 1. To secure payment of a promissory note, Smith gave back a deed of trust on the property. The granting clause in the deed of trust contains the property description, without reference to water rights. However, in a blank space under the covenant of title, as part of the habendum clause,[1] appears the following typed sentence: "Any and all water or water rights, ditch or ditch rights, reservoir or reservoir rights, and storage rights shall be included." Id., tab 2, at 1. At trial, Smith testified that it was his intent to give back as security everything that he received from Walker under the warranty deed. Several years later, Smith applied for and received a decree from the state water court granting his application to appropriate and use nontributary ground water underlying the property.
 
 
 5
 In 1991, Smith filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. Walker was allowed to foreclose on her deed of trust. Smith filed an adversary proceeding within the bankruptcy action, seeking a declaratory judgment that the nontributary water rights described in the water court decree were not included in the foreclosure. After a trial to the court, the bankruptcy court ruled that Smith lost his rights to appropriate and use the nontributary ground water underlying the property upon foreclosure by Walker. Smith appealed that decision to the district court, which affirmed the bankruptcy court's ruling.
 
 
 6
 Although Smith raises several issues and arguments on appeal, they can be divided into two major categories. First, he challenges the district court's contractual interpretation of the warranty deed. He contends that the district court erred in concluding that the deed of trust was ambiguous and further erred by looking to extrinsic evidence to interpret it. Although Smith recognizes that intent of the parties should be construed from the instrument as a whole, citing Farmers Reservoir & Irrigation Co. v. Sun Prod. Co., 721 P.2d 1198, 1199 (Colo.Ct.App.1986), he argues that nothing in the deed of trust suggested that the typed wording in the habendum clause was meant to be included in the granting clause. Smith also suggests that, even if the deed of trust is ambiguous, the court should have looked to the language of the warranty deed as well as the surrounding circumstances.
 
 
 7
 We review de novo the district court's decision under Colorado law regarding ambiguity of the deed of trust. See Teton Exploration Drilling, Inc. v. Bokum Resources Corp., 818 F.2d 1521, 1526 (10th Cir.1987) (ambiguity); Horowitz v. Schneider Nat'l, Inc., 992 F.2d 279, 281 (10th Cir.1993) (state law). We agree with the district court that the placement of the typed sentence regarding water rights in the habendum clause creates ambiguity as to the intent of the parties.
 
 
 8
 Having determined that the deed of trust was ambiguous, the district court properly looked to parole evidence, here the language of the warranty deed and Smith's testimony. We review the district court's interpretation of the ambiguous document only for clear error. See Teton Exploration, 818 F.2d at 1526. Where the typed language in the habendum clause of the deed of trust is almost identical to that included in the granting clause of the warranty deed, where the two documents are executed simultaneously, and where Smith testified that he intended that the deed of trust convey back to Walker as security everything he received under the warranty deed, the district court's interpretation was not clearly erroneous.
 
 
 9
 Smith also argues that the bankruptcy court's conclusion that the typed language in the habendum clause was misplaced constitutes a finding that there was a mistake. We disagree with Smith's characterization of the bankruptcy court's ruling as a finding of mistake. Mistake, whether factual or legal, involves a misconception on which one or both parties to a contract rely. See generally, Tayyara v. Stetson, 521 P.2d 185, 188 (Colo.Ct.App.1974) (mistake of fact); Ryan v. Vickers, 406 P.2d 794, 797 (Colo.1965) (mistake of law). Here, neither party claims a misconception underlying their intent at the time of the transaction.
 
 
 10
 Smith's second set of arguments challenge the bankruptcy court's ruling, and are based on his subsequent actions in appropriating and seeking a decree as to his right to appropriate the ground water underlying the property. This court ordered additional briefing from the parties on the issue whether the nontributary ground water rights were derived from ownership of the property or from appellant's actions after the transaction. Ultimately, we certified the question to the Colorado Supreme Court.
 
 
 11
 On October 30, 1996, the Colorado Supreme Court filed its answer with this court. In that opinion, Smith v. Walker (In re Smith), 924 P.2d 155 (Colo.1996), the court disagreed with Smith's contentions that his rights to the underground water were not derived from his purchase of the property. Citing to Bayou Land Co. v. Talley, 924 P.2d 136 (Colo.1996), the court stated that, as a result of Colorado's statutory scheme, landowners have an inchoate right in the nontributary ground water underlying their land, a right which vests upon the lawful drilling of a well and subsequent adjudication by the water court. See Smith, 924 P.2d 155 at 158-59. The court also noted that such water rights in Colorado are severable from real property, but presumed that both the deed of trust and warranty deed here included water rights, id. at 159, a conclusion with which we agree, based on the record and our analysis of Smith's contractual arguments.
 
 
 12
 In light of the above and the Colorado Supreme Court's opinion, the judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 The habendum clause normally follows the granting clause, and "defines the extent of the ownership in the thing granted...." Black's Law Dictionary 710639 (6th ed.1990)